I. E. CARPENTER AND WIFE, FANNIE CARPENTER, v. J. W. CARPENTER AND R. E. O'BRIANT AND WIFE, INEZ VIRGINIA O'BRIANT.

(Filed 2 February, 1938.)

1. Judgments § 1—

A judgment by consent is in effect the contract of the parties entered upon the records with the sanction and permission of the court, and it must be construed in the same manner as a written contract between the parties.

**2. Mortgages § 2—Consent judgment in this case held not to constitute equitable mortgage, but to give plaintiffs only option to purchase.**

Plaintiffs mortgagors instituted an action against the mortgagee and the purchasers at the foreclosure sale, attacking the validity of the mortgage. A consent judgment was entered in the action declaring that the mortgage was valid, and that the purchaser at the sale acquired a fee simple title "fully freed, released and discharged from any or all right, title or interest" of plaintiffs, but providing that should plaintiffs pay a stipulated sum to the purchasers within a specified time, the purchasers should execute deed to plaintiffs. *Held:* The terms of the consent judgment did not establish the relation of mortgagors and mortgagees between plaintiffs and the purchasers at the foreclosure sale, but gave plaintiffs merely an option to purchase the property within a given time, and upon their failure to tender the amount agreed within the time stipulated, plaintiffs lose any rights thereunder. *Bunn v. Braswell*, 139 N. C., 135, cited and distinguished upon the difference of the intent of the parties as gathered from the language of the consent judgment.

**3. Vendor and Purchaser § 7—Usually purchaser must pay or tender payment within the time specified in order to enforce contract.**

Options to sell land, being unilateral in their inception, are to be strictly construed in favor of the vendor, and it will be generally held that time is of the essence, and that payment or tender of the amount agreed within the time specified is necessary to convert the right to buy into a contract for sale.

BARNHILL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Ervin, J.,* at October Civil Term, 1937, of DURHAM.

Action to have consent judgment declared a mortgage on, and for sale of land, and for accounting for rents therefrom.

At the trial below the parties, plaintiffs and defendants, waived trial by jury and consented that the court hear the evidence, find the facts, and render judgment thereon. The court made findings of fact substantially as follows: (1) In 1919 the plaintiffs bought from defendant J. W. Carpenter a tract of land and agreed to pay $2,300 therefor; that in 1923, when plaintiffs had paid $1,200 on the purchase price, J. W. Carpenter made a deed to them and they executed to him a mortgage deed to secure the balance of the purchase price. Upon default in the payment thereof, J. W. Carpenter foreclosed the mortgage, and on 16 September, 1932, sold the land, after due publication of notice of sale, at public auction, when the defendants R. E. O'Briant and wife became the purchasers, and pursuant thereto J. W. Carpenter as mortgagee executed deed to them. (2) The plaintiffs instituted an action in the Superior Court of Durham County against J. W. Carpenter and R. E. O'Briant to have the said mortgage deed declared to be a forgery. The case was tried on the single issue of forgery. The jury found

CARPENTER *v.* CARPENTER.

against the plaintiffs, and judgment was signed at the October-November Term, 1932, declaring the mortgage to be valid. (3) Thereafter, in 1932, the plaintiffs instituted another action in said court against J. W. Carpenter and R. E. O'Briant involving the same land and embracing the same allegations as were made in the first action, and upon issues joined, the case came on for trial at the March Term, 1934, before Judge Clayton Moore. During the progress of the trial a settlement was agreed upon between plaintiffs and defendants therein and a judgment dated 23 March, 1934, was entered with the consent of, and signed by, plaintiffs and defendants in person and their respective counsel, in which judgment the following pertinent recitals appear:

"And it further appearing to the court that all parties to this action have agreed upon a settlement of all the matters and things in controversy between them and have likewise agreed that this judgment shall be final adjudication of all issues or questions of fact pertaining to the validity of the mortgage from I. E. Carpenter and wife, Fannie Carpenter, to Jno. W. Carpenter, dated 13 April, 1923, recorded in Mortgage Book 56, p. 414, registry of Durham County, and shall likewise be a final adjudication of the indebtedness due thereon and the power of the said Jno. W. Carpenter to sell the land described therein; and it further being agreed by all parties hereto that the sale of said property under said mortgage on 16 September, 1932, by Jno. W. Carpenter, mortgagee, to R. E. O'Briant and wife, Inez Virginia O'Briant, was and is a valid and legal sale and the deed was made by the said Jno. W. Carpenter, mortgagee, to R. E. O'Briant and wife, Inez Virginia O'Briant, dated 5 October, 1932, duly registered in Deed Book 105, p. 602, registry of Durham County, was sufficient to, and did, convey to said R. E. O'Briant and wife, Inez Virginia O'Briant, the land described therein in fee simple fully freed and discharged of and from any and all right, title or interest therein of I. E. Carpenter, and/or his wife, Fannie Carpenter, and/or their heirs and assigns: It is now, therefore, expressly found as facts that all of the recitals contained in this judgment are true and are, by consent, finding of fact by the court." Thereupon Judge Moore, by consent of the parties aforesaid, adjudged that: (1) The sale under the mortgage deed is valid in all respects; (2) the deed from Jno. W. Carpenter, mortgagee, to R. E. O'Briant and wife, Inez Virginia O'Briant, conveyed in fee simple the land so sold to them and they are the owners thereof in fee simple "fully freed, released, and discharged from any and all right, title or interest of I. E. Carpenter and/or his wife, Fannie Carpenter, and/or their heirs"; and (3) "If the said I. E. Carpenter and wife, Fannie Carpenter, shall pay to R. E. O'Briant and wife, Inez Virginia O'Briant, within five (5) months from the date of this judgment, the sum of five hundred and fifty and no/100 ($550.00)

dollars, in cash and shall assume all taxes outstanding and unpaid against said property, including taxes for the year 1934, then and in that event the said R. E. O'Briant and wife, Inez Virginia O'Briant, are ordered to execute and deliver a deed to said I. E. Carpenter and wife, Fannie Carpenter, conveying said property to them in fee simple, said deed to be made without warranty as to title, or against encumbrances, but to convey all the right, title and interest in the property which is owned by said O'Briant and wife as herein above declared; however, in the event the said I. E. Carpenter and wife, Fannie Carpenter, shall fail to pay to said R. E. O'Briant and wife, Inez Virginia O'Briant, the said sum of $550.00 in cash, and assume the payment of all taxes unpaid against said property as above set out and declared, on or before five (5) months from date of this judgment, the said O'Briant and wife shall be not required or obligated to convey said property to said Carpenter and wife, Fannie Carpenter, and in that event either the said I. E. Carpenter and wife, Fannie Carpenter, and their heirs shall be forever precluded and barred from the right to have any conveyance made to them by said O'Briant and his wife, and said O'Briant and wife will be under no further obligation to convey said property to said Carpenter and/or his wife or to any of their heirs or assigns."

The court below in the instant action further finds as a fact that the plaintiffs did not tender to the defendants R. E. O'Briant and wife the $550.00 within the said period of 5 months from the date of said judgment, or at any other time, but did attempt, thereafter, on 26 September, 1935, by motion in the cause to compel the said defendants to execute deed to plaintiffs, which motion was heard before Judge Frizzelle, who made findings of fact and conclusions of law and rendered judgment adverse to plaintiffs, from which no appeal was taken; and that attorneys for plaintiffs stated in open court that plaintiffs relied upon judgment of 23 March, 1934, signed by Judge Moore.

Upon the foregoing findings of fact the court below concluded that the said judgment was intended to have, and has, the effect of a contract to convey, upon the conditions expressed therein, and was not intended to, and does not, constitute a mortgage, and is a valid and binding judgment.

From judgment in accordance with the findings of fact and conclusions of law the plaintiffs appealed to the Supreme Court, and assigned error.

*Bennett & McDonald for plaintiffs, appellants.*
*Victor S. Bryant and C. V. Jones for defendants, appellees.*

WINBORNE, J.   Do the terms of the consent judgment of 23 March, 1934, establish the relation of mortgagors and mortgagees between the

plaintiffs and defendants, R. E. O'Briant and wife, purchasers at the mortgage foreclosure sale? This question is determinative of the case on appeal. The court below answered "No." With this we agree.

"A judgment or decree entered by consent is not the judgment or decree of the court so much as the judgment or decree of the parties, entered upon its record with the sanction and permission of the court, and being the judgment of the parties it cannot be set aside or entered without their consent." *Ellis v. Ellis,* 193 N. C., 216, 136 S. E., 350, and cases cited.

The judgment is, therefore, to be construed in the same way as if the parties had entered into the contract by writing duly signed and delivered. *Bunn v. Braswell,* 139 N. C., 135, 51 S. E., 927.

The parties have agreed and declared that the sale under the mortgage deed executed by plaintiffs to J. W. Carpenter is valid in all respects, and that R. E. O'Briant and wife, who purchased at that sale, acquired a fee simple title "fully freed, released and discharged from any or all right, title or interest" of plaintiffs. Their language is specific, plain and unambiguous. In their ordinary meaning the words used clearly express the intention of the parties. Nothing else appearing, R. E. O'Briant and wife are the owners in fee simple of the property in question.

The right given to plaintiffs to have a deed made to them by O'Briant and wife for the property is no more than an option to purchase within a given time. The judgment contains nothing which obligates the plaintiffs to buy. It is an unilateral agreement, "merely a right acquired by contract to accept or reject a present offer within a limited or reasonable time." *Mizell v. Lumber Co.,* 174 N. C., 68, 93 S. E., 436. "Contracts of this character, being unilateral in their inception, are construed strictly in favor of the maker, because the other party is not bound to performance, and is under no obligation to buy, and it is generally held that time is of the essence of such contract, and that the conditions imposed must be performed in order to convert the right to buy into a contract for sale." *Winders v. Kenan,* 161 N. C., 628, 77 S. E., 687.

The case of *Bunn v. Braswell, supra,* upon which the plaintiffs rely, is distinguishable from the case at bar. The consent judgment there declared "that the defendant has an equity to redeem the land" upon payment of a sum certain within a given time, otherwise to "stand absolutely debarred and foreclosed of and for any and all equity or other estate or interest in the premises." Speaking to the question, *Connor, J.,* said: "The term, 'right to redeem,' is appropriate to express the right, interest or estate of a mortgagor, and not a vendee. When we speak of the interest of one in or right to real estate as an 'equity of

redemption,' which is synonymous with 'right to redeem,' we understand that reference is made to the status of a mortgagor, not a vendee." There it was manifest that the defendant had an equity in the premises. But in the case at bar we do not have the relationship of debtor and creditor. The expressions "equity to redeem," "equity of redemption," "right to redeem," or words of like meaning, are not used here.

The judgment below is

Affirmed.

BARNHILL, J., took no part in the consideration or decision of this case.