WACHOVIA BANK & TRUST COMPANY AND MRS. RUBY M. WILSON, CO-EXECUTORS OF THE ESTATE OF BURKE E. WILSON v. SAVANNAH JONES MEDFORD.

(Filed 21 November 1962.)

1. **Contracts § 12—**

Ambiguity in a contract will be construed against the party who prepared the instrument.

2. **Vendor and Purchaser § 2—**

As a general rule time is of the essence of an option to purchase, and acceptance and tender must be made within the time fixed for the exercise of the right.

3. **Same— Provision for extension of time for investigation of title held to apply only if purchaser within the life of the option obligated himself to buy.**

The option in suit, prepared by the purchaser, obligated the vendor to convey upon demand within 30 days upon payment of the purchase price, with further provision that in the event of the exercise of the option the purchaser should have reasonable additional time for title examination. *Held:* The purchaser was required to bind himself to complete the transaction within the 30-day period in order to effect any extension of time for title examination, and his failure to do so during the term of the option amounted to a rejection and terminated his rights, and therefore the vendor's participation after the expiration of the 30-day period in negotiations with respect to clearing up the title will not extend the time or estop the vendor from refusing to accept tender thereafter made.

APPEAL by plaintiffs from *Gwyn, J.,* March 19, 1962 Term, FORSYTH Superior Court.

The plaintiffs, executors of Burke E. Wilson, instituted this civil action to recover $30,100.00 damages for an alleged breach of con-

tract to convey the Roediger Building and lot in Winston-Salem. The plaintiffs alleged the contract to convey arose in the following manner: On June 10, 1960, the defendant executed this option:

"In consideration of the sum of ONE HUNDRED AND NO/100 DOLLARS ($100.00) to us in hand paid this day by Burke E. Wilson, the receipt of which is hereby acknowledged, we, Savannah Jone Medford (Mrs. Charles Jones) hereby irrevocably agree to convey to Burke E. Wilson, upon demand by him within 30 days from the date hereof, upon the terms and conditions hereinafter set out (a certain specifically described lot and building) . . .

"We agree within the time specified, to execute and deliver to Burke E. Wilson, or assignee, upon demand by him, a good and sufficient deed for the above described premises upon payment by him to us of the sum of Fifteen thousand and no/100 Dollars ($15,000.00) under the following terms and conditions: Cash in full at the end of 30 days, and the above $100.00 option money is to be allowed as credit on price.

"In the event of the exercise of this option by Burke E. Wilson, the payment of One hundred and no/100 Dollars ($100.00) this day made shall be credited on the purchase price, and the said Burke E. Wilson may have reasonable additional time for title examination.

/s/ Savannah Jones Medford
Mrs. C. H. Jones."

The plaintiffs alleged that Burke E. Wilson, on September 2, 1960, notified the defendant of his election to purchase, tendered the balance due, and demanded a deed.

The parties stipulated:

"1. On or about June 15, 1960, Louis Baldwin, in behalf of Burke E. Wilson, Sr., employed Luther Ferrell, an attorney of Winston-Salem, North Carolina, to examine the title to the real estate owned by Savannah Jones Medford at the Northwest corner of Third and Church Sts. in the City of Winston-Salem, North Carolina, which is the subject of this litigation, and he did make such title examination.

"2. During the time that Luther Ferrell was examining this title, he encountered matters which caused him to question the validity of the title.

"3 As a consequence, Luther Ferrell called Savannah Jones Medford in Washington, D. C., the latter part of June, 1960, to

inquire about certain matters which he questioned in the title. During this conversation, Luther Ferrell explained to Savannah Jones Medford that he questioned the title because of what, in his opinion, was a faulty foreclosure of a deed of trust in the chain of title.

"4. At about the same time, Luther Ferrell turned the matter back over to Louis Baldwin advising him that in his opinion the title was defective and that he was turning it down."

Beginning about the 7th day of July, 1960, and continuing for some time thereafter, counsel for Mr. Wilson discussed with the defendant certain problems encountered in connection with her title. During the examination Mr. Ferrell, counsel for Mr. Wilson, notified the defendant that because of certain defects in the title he was turning it down. Thereafter Mr. Wilson employed another attorney who requested a renewal or extension of the option pending his further efforts to clear the title. Mrs. Medford refused to sign any further option, saying he already had time. All the negotiations with the attorney were carried on by Mrs. Medford in person. She was never represented by counsel.

On August 21, 1960, the building burned. Mrs. Medford was not in Winston-Salem and did not know of the fire until advised by Mr. Wilson's attorney. The building was insured for $45,000.00. After the fire Mr. Wilson's attorney notified Mrs. Medford that he had approved the title and requested her to appear at his office on August 29 to close the transaction. Mrs. Medford ignored the notice and refused to attend the proposed meeting. On September 2, 1960, Mr. Wilson tendered a certified check for $14,900.00 and demanded a deed. The demand was refused.

At the close of plaintiffs' evidence, judgment of compulsory nonsuit was entered, from which the plaintiffs appealed.

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by Norwood Robinson, R. M. Stockton, Jr., for plaintiffs, appellants.*

*Blackwell, Blackwell, Canady & Eller by Winfield Blackwell, Jack F. Canady for defendant appellee.*

HIGGINS, J. The plaintiffs make these contentions: (1) The limitation of 30 days was not controlling. (2) Mr. Wilson was entitled to reasonable time thereafter for title examination. (3) The tender of the purchase price and the demand for a deed on September 2, 1960, were within a reasonable time. (4) The defendant was estopped to plead failure to give notice and make tender by participating in an effort to clear up the title.

The defendant, on the other hand, contends: (1) The option specifically provided that a demand must be made within 30 days from June 10, 1960. (2) Cash in full, $15,000.00, (less $100.00 paid for the option) must be paid at the end of 30 days from June 10, 1960. (3) Within the 30-day period Mr. Wilson's counsel notified defendant he had found a defect in her title and was turning it down. (4) After the 30-day period had expired, plaintiffs' attorney requested a written extension or a new option. (5) Refusal of the request was sufficient notice to defeat any estoppel. (6) Mr. Wilson did not give notice or an unqualified election to purchase until after the building had burned and the owner became entitled to $45,000.00 insurance. At that time defendant's liability under the option had terminated.

The plaintiffs' action is not for specific performance, but for damages of $30,100.00, the exact amount of the insurance less the $14,900.00 which would have been due on the option price. Apparently the parties to the option were not too inclined to stand on strict legal rights until the building burned and the owner became the beneficiary of the insurance. After the expiration of 30 days the parties were still at liberty to negotiate further. Of course, the plaintiffs were anxious to pick up $30,000.00 on a $100.00 investment. The defendant was just as anxious to prevent the pick-up. Hence the dispute.

The Court is called upon to interpret the legal rights of the parties under their option. The document was written by Mr. Baldwin, representing Mr. Wilson, "at Mr. Wilson's direction." The defendant, without counsel, signed the option in Mr. Wilson's office. "Any ambiguity must be inclined against the party who prepared the contract." *Jones v. Realty Co.*, 226 N.C. 303, 37 S.E. 2d 906. Mr. Wilson's option required him to make demand "within 30 days from the date hereof, upon the terms and conditions hereinafter set out, . . . cash in full at the end of 30 days, . . . In the event of the exercise of this option . . . the said Burke E. Wilson may have reasonable additional time for title examination." How was Mr. Wilson to exercise the right to purchase under the option? According to its plain and unambiguous terms, by the payment or tender of $14,900.00 and demand for a deed within 30 days from June 10, 1960. What is the modifying effect of the term "may have reasonable additional time for title examination?" The meaning seems to be this: Mr. Wilson, within 30 days from the date of the option, was required to bind himself to go through with and complete the transaction provided the defendant could convey a good title. His binding obligation (conditioned upon a good title) was required within the 30 days life of the option in order to effect any extension of time for title examination. Otherwise, Mrs. Medford would continue to be bound and Mr. Wilson would be free to forfeit

his $100.00 and refuse to be bound further. Suppose the building had been uninsured. The contemplation of such an event emphasizes the wisdom of the rule that time is of the essence of an option to purchase and acceptance and tender must be made within the time fixed for the exercise of the right. *Douglass v. Brooks*, 242 N.C. 178, 87 S.E. 2d 258; *Kaller v. Martin*, 241 U.S. 369; *Land Co. v. Smith*, 191 N.C. 619, 132 S.E. 593; *Davis v. Martin*, 146 N.C. 281, 59 S.E. 700; 55 Am. Jur., Vendor and Purchaser, p. 509, §§ 40-41. Failure to acept during the term of the option amounts to a rejection. 55 Am. Jur., Vendor and Purchaser, p. 508, § 39.

Mr. Wilson's attorney examined the title, found it defective and notified Mrs. Medford accordingly. Another attorney undertook to re-examine the title, requested Mrs. Medford to sign an extension or a new option. This request the defendant refused, stating he already had time. Reasons for the refusal are immaterial. If, beyond the 30 days Mr. Wilson sought to bind Mrs. Medford, he was required to bind himself. His failure so to do terminated his rights on July 10. The attempt to exercise them by the tender and demand for a deed on September 2, 1960, came too late. *Douglass v. Brooks, supra; Winders v. Kenan*, 161 N.C. 628, 77 S.E. 687; *Trogden v. Williams*, 144 N.C. 192, 56 S.E. 865.

In the light of the option, the stipulations, and the plaintiffs' evidence, Mr. Wilson's representative has failed to make out a case for the jury. The judgment of nonsuit entered by Judge Gwyn is

Affirmed.