STEVE FERGUSON v. ROBERT G. PHILLIPS AND WIFE, LEONA CRAIG PHILLIPS.

(Filed 19 October, 1966.)

**1. Vendor and Purchaser § 2—**

Options must ordinarily be construed strictly in favor of the optionor, and when a definite day and hour is stipulated as the limit of the duration of the option, time will ordinarily be held of the essence, and payment or tender within the time limited is necessary to bind the optionor to sell.

**2. Same—**

Where the optionee requests an extension of the option upon specific conditions and the optionor counters with an agreement to extend the time upon different specified conditions, there is no valid extension agreement when the optionee fails to accept the conditions as prescribed by the optionor.

**3. Same—**

The option in suit provided for the exercise of the option by a designated hour on a specified date. The optionee appeared at the office of the optionor's attorney before the hour specified, but was unable to tender the purchase price until some seven hours thereafter. *Held:* The optionor was entitled to refuse the tender.

APPEAL by plaintiff from *Jackson, J.,* at "B" Session (Civil) MECKLENBURG County Superior Court.

The defendants are the owners of a corner lot at 1601 N. Independence Boulevard in Charlotte and of another near by. In June, 1965, for valuable consideration, they gave the plaintiff a written option to purchase these two lots for $22,500.

The option contained, among others, the following provisions: "Expiration Date. This option shall expire at 10:00 A.M., on 22 November, 1965.

"Notice of Exercise. This option is to be exercised by the Optionee by written notice signed by the Optionee and sent by mail, prior to the expiration date, to the Optionors at their home address.

"Warranty Deed. At any time within the period above limited, but not thereafter, Optionors will make, execute and deliver to said Optionee a good and sufficient deed for said land in fee simple with general warranty and free from incumbrances upon the payment by said Optionee of the said purchase price in the sum and manner herein set out."

Another provision authorized the plaintiff to move a building onto the corner lot, and he agreed that if the tenants then occupying another building on the lot moved out that he would indemnify

defendants for any loss of rental at the "rate of $90.00 per month for the time expiring before he notifies the optionor of his election to exercise this option, which said sum shall in no case exceed $450.00."

The plaintiff offered evidence tending to show that on 16 November, 1965, he learned from C. D. Thomas, Vice-President of First Federal Savings & Loan Association, that he could not obtain a loan with which to exercise the option but that he could probably get the money within 60 days. He got Mr. Thomas to call the defendant Phillips about extending the option but no definite arrangement was made. The plaintiff also had some telephone conversations with defendant and pursuant to them went to the office of Mr. John D. Shaw, attorney for defendant, on 20 November, 1965, but no extension agreement was worked out at that time. The plaintiff mailed a letter to the defendants that same day in which he stated that he was exercising the option and thanked the defendants for extending it for an additional 60 days. On 22 November about 9:45 A.M., the plaintiff Ferguson and his attorney again went to Mr. Shaw's office, at which time a new option agreement was offered the plaintiff, but it contained provisions unsatisfactory to plaintiff and was never delivered to him. The plaintiff testified that he did not have the money with which to complete the trade at that time and that he did not get it until that afternoon. At 5:05 P.M., the plaintiff offered a cashier's check to Mr. Shaw in the amount of $22,500, and demanded a deed for the property, which was refused.

On cross-examination the defendants elicited from the plaintiff and his witnesses evidence to the effect that the terms of an extension of the option were discussed but never agreed to; that an unequivocal acceptance of the sale was not made by the plaintiff prior to 10 o'clock A.M., 22 November, 1965, and that tender of the purchase price was not made to the *defendants* on that date; although it was offered to Mr. Shaw who wrote plaintiff's attorney next day that he had no authority to receive tender; also that the letter of 20 November was not delivered to the defendants at their home; that they were away from Charlotte until Monday, 22 November; and that since the letter was not "sent by mail, prior to the expiration date, to optionors at their home address * * * that no notice to exercise the option as required by the option (was given) and that the deal is off, and in addition your clients owe the rent money".

At the close of plaintiff's evidence the court allowed the defendants' motion for judgment as of nonsuit, and the plaintiff appealed.

*W. Faison Barnes, Carl W. Howard for plaintiff appellant.*
*John D. Shaw for defendants appellees.*

PLESS, J.  Options "being unilateral in their inception are construed strictly in favor of the maker, because the other party is not bound to performance, and is under no obligation to buy. It is generally held that time is of the essence in such contract, and the conditions imposed must be performed in order to convert the right to buy into a contract for sale." *Carpenter v. Carpenter,* 213 N.C. 36, 195 S.E. 5.

"Where an option stipulates a definite time for performance it is generally held that time is of the essence, and that payment or tender of the amount agreed within the time specified is necessary to convert the right to buy into a contract of bargain and sale." Strong, Vendor and Purchaser, Sec. 2, and cases there cited.

"Ordinarily time is of the essence of an option under contract relating to land, whether or not so expressed. The optionor being bound only during the time specified for the election to accept the option." * * * "So acceptance must be made and conditions performed within the time limited by the option in order to constitute a contract of sale."

"Time is likewise of the essence of an agreement for the extension of the time for acceptance which must be supported by a consideration, whether made before or after the time limited for the exercise of the original option, and which may be withdrawn before acceptance unless made on a consideration." 91 C.J.S. 862, Vendor and Purchaser, Sec. 11.

While the plaintiff mailed his "exercise" of the option within the time, it was conditioned upon an extension which was never granted by the defendants, and in which he stated his lack of available funds.

"If the acceptance contains material conditions not included in the offer, such purported acceptance constitutes a counter proposal which the other party is not bound to accept." 1 Strong 573; Contracts, Sec. 2.

The plaintiff testified that he went to Mr. Shaw's office on the morning that the option was to expire at 10 o'clock, arriving about 9:45 and staying until about noon. He testified further that he was not in position at that time to pay the defendant $22,500 plus the rents, but that he did make arrangements to obtain the money that afternoon. While there had been some discussion between the parties regarding a proposed extension of the time of the option, it was never executed and, in fact, the exact terms were never agreed upon. Consequently, this case falls within the rules stated above, *i.e.,* the vendor did not within the time permitted by the contract make an unequivocal acceptance of it. He was not in position within that time to pay the purchase price and he made no tender on that date

to the *defendants.* He did tender the purchase price late that afternoon to the attorney for the defendants, who stated that he had no authority to accept the tender. It appears that the plaintiff just waited too late to begin his preparations to take up the option. Under his evidence he first approached Mr. Thomas of the First Federal Savings & Loan Association to borrow the amount of the purchase price on 16 November, just six days before the time of the option to expire. Apparently he had known for several weeks that he intended to exercise his rights under the option, but for some reason failed to act promptly. The defendant has a right to rely upon the terms of the option and the action of the court in sustaining the motion for judgment of nonsuit was correct.

The plaintiff excepted to the exclusion of the evidence of Mr. C. D. Thomas, Vice-President of the First Federal Savings & Loan Association. However, Mr. Thomas did not purport to testify to any fixed or valid agreement for an extension of the time although he did engage in conversations with Mr. Phillips in regard to it. In view of our ruling on the motion for nonsuit and the vagueness of Mr. Thomas' testimony, it is not pertinent to this appeal.

The order of Judge Jackson is

Affirmed.