MELVIN A. EWARD v. THEODORE R. KALNEN AND WIFE,
THELMA B. KALNEN

No. 725SC357

(Filed 24 May 1972)

1. Vendor and Purchaser § 1— option contract — acceptance

Acceptance of an option must be in accordance with the terms
thereof.

2. Vendor and Purchaser § 1— option contract — duration

In the absence of special circumstances, time is of the essence
in an option to purchase land, and acceptance and tender must be
made within the time required by the option.

3. Vendor and Purchaser § 5— option contract — expiration — specific
performance

Plaintiff was not entitled to specific performance of an option
contract which set the purchase price at $11,000 plus the value of
improvements placed on the land by defendants, with provision for
the selection of appraisers to determine the value of improvements
in case of disagreement, where it is clear from the terms of the
option that time was of the essence, there was disagreement as to
the value of improvements, plaintiff's suggestion that appraisers be
appointed was not received by defendants until after the option ex-
pired, prior to the expiration of the option plaintiff had not accepted-
the deed tendered, paid or asserted his willingness to pay the purchase
price demanded, or asserted his willingness to pay the additional
amount as might be appraised as the value of improvements, and
plaintiff's words and conduct at the time the deed was tendered sug-
gested an abandonment of his rights under the option.

APPEAL by plaintiff from *Bone, Judge,* 11 October 1971
Session of Superior Court held in NEW HANOVER County.

Plaintiff brought this action on 14 March 1967 for specific
performance of an option agreement executed by the defend-
ants to him on 1 March 1957. The pertinent provisions of the
option are as follows:

"FIRST: This option shall become operative and capable
of being exercised five years from the date of execution
of this instrument, and *shall exist and continue to and in-
cluding the day and month which marks the passage of ten
years from the date of execution of this instrument, but
no longer.*

SECOND: If the party of the second part (the plaintiff)
elects to purchase said land under this option, the pur-

chase price therefor shall be Eleven Thousand Dollars ($11,000.00), plus the value of the physical improvements placed upon the land by the parties of the first part (the defendants) between the date of this instrument and the date of notification of intent to exercise this option, *payable in cash upon delivery of the deed.*

THIRD: At any time within the period above limited, *but not thereafter,* the parties of the first part will make, execute and deliver to said party of the second part a good and sufficient deed for said land, in fee simple, with general warranty, and free from encumbrances, upon the payment by said party of the second part of the said purchase price in the sum and manner above set out; provided, however, that the party of the second part shall give notice of his intention to exercise said option at least six months prior to exercising same.

FOURTH: In the event that the parties of the first part and the party of the second part shall not be able to agree upon the value of the physical improvements made upon this property by the parties of the first part, three appraisers shall be selected to arrive at said value. Their appraisal figure shall be final and binding. One of these appraisers shall be selected by the parties of the first part, one by the party of the second part, and the third by the Resident (sic) of this Judicial District." (Emphasis added.)

Jury trial was waived. Judge Bone heard the evidence, found facts, stated his conclusions of law, and entered judgment that "the plaintiff take nothing by this action, that the defendants go hence without day and that the plaintiff pay the costs of the action to be taxed by the Clerk."

Plaintiff appealed to the Court of Appeals, assigning error.

*James L. Nelson for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for defendant appellees.*

MALLARD, Chief Judge.

The only question involved on this appeal is whether the plaintiff complied with the terms of the option.

Judge Bone found, upon competent evidence, that on 17 February 1967, before the option expired at midnight on 28 February 1967, the plaintiff and the male defendant met at the office of the male defendant's attorney and the following transpired:

"* * * At that time Mr. Calder showed plaintiff a deed from Elizabeth M. Kalen (sic), an unmarried woman, to Melvin A. Eward, the plaintiff, which had been duly executed by said grantor on February 16, 1967. At some time previously the defendant had put title to the land in the name of his sister, Elizabeth M. Kalen (sic), to avoid its becoming encumbered by a lien which the United States Government was threatening to file against him on account of a disputed tax lien. At the time Mr. Calder exhibited said deed to plaintiff, he also, gave plaintiff an itemized statement showing that defendants claimed $13,339.86 for physical improvements made by them on the property, and told plaintiff to look at these papers and give them the money, or words to that effect. The plaintiff replied that he did not have the money with him but had made arrangements with the Wilmington Production Credit Association to borrow the money and he had enough there to pay the $11,000.00 purchase price but that it was impossible for him to pay any such fantastic amount as defendants were claiming for improvements; that if the amount for improvements was over $500.00 he would not be interested in buying the property back.

The plaintiff then walked out and the defendant followed him out into another room and said 'let's make a deal.' The plaintiff replied, 'No, I've already made one deal too many with you,' and then left Calder's office."

Judge Bone further found that on 27 February 1967, the plaintiff wrote the defendants a letter, received by them on 1 March 1967, stating that he was not in agreement with the amount charged by defendants for physical improvements, that he was selecting an appraiser, that he was calling upon the defendants to select one, and that by copy of the letter, he was requesting the resident judge of superior court to appoint a third appraiser under the paragraph of the option numbered "FOURTH." On 1 March 1967, the male defendant wrote plaintiff a letter stating that the option had expired on 28 February

1967, and declining to appoint an appraiser. It was also found that the plaintiff had not tendered to defendants the $11,000.00 purchase price set out in the option or any amount of money for physical improvements placed on the land by the defendants, nor had the plaintiff committed himself unconditionally to pay the defendants the purchase price or such amount as appraisers might set as the value of such physical improvements.

Upon the facts found, Judge Bone concluded as a matter of law that the plaintiff had not complied with the terms of the option.

"An option is a unilateral agreement by which the maker grants the optionee the contractual right to accept or reject a present offer within a limited or reasonable time. It is unilateral because only the maker is bound; the other party is not obligated in any way to perform by purchasing. Because options are unilateral, they are construed strictly in favor of the maker. *Ferguson v. Phillips*, 268 N.C. 353, 150 S.E. 2d 518; *Carpenter v. Carpenter*, 213 N.C. 36, 195 S.E. 5." *Lentz v. Lentz*, 5 N.C. App. 309, 168 S.E. 2d 437 (1969).

In 7 Strong, N. C. Index 2d, Vendor and Purchaser, § 2, pp. 492 and 493, it is said:

"Where an option specifies a definite time for performance, it is not revocable during the time specified, and upon acceptance in accordance with its terms and conditions within that time it becomes an executory contract of bargain and sale. * * *"

See also, *Byrd v. Freeman*, 252 N.C. 724, 114 S.E. 2d 715 (1960).

[3] In the case before us, the option expired as of midnight on 28 February 1967. On 17 February 1967, the plaintiff had had tendered to him a deed for the property in question and demand had been made upon him for payment of the $11,000.00, plus $13,339.86 for physical improvements placed on the lands. Prior to midnight on 28 February 1967, the plaintiff had not accepted the deed tendered, had not paid the purchase price and had not asserted his ability or willingness to pay the purchase price demanded. In fact, his words and conduct at the time the deed

was tendered to him on 17 February 1967 suggested an abandonment by him of his rights under the option. His belated suggestion regarding the appointment of appraisers was not received by the defendants until after the option had expired, and even then, insofar as is shown by this record, the plaintiff did not unconditionally assert his ability or willingness to pay such additional amount as might be appraised as the value of the improvements. The court found that the plaintiff had stated at the time the deed was tendered to him that, if the improvements were over $500, he would not be interested in buying the property.

[1, 2]   Acceptance of an option must be in accordance with the terms thereof. *Winders v. Kenan,* 161 N.C. 628, 77 S.E. 687 (1913) ; *Builders, Inc. v. Bridgers,* 2 N.C. App. 662, 163 S.E. 2d 642 (1968). The general rule is that, absent special circumstances, time is of the essence in an option to purchase land and that acceptance and tender must be made within the time required by the option. *Trust Co. v. Medford,* 258 N.C. 146, 128 S.E. 2d 141 (1962) ; *Douglass v. Brooks,* 242 N.C. 178, 87 S.E. 2d 258 (1955).

[3]   By the terms of the option in the case before us, the purchase price was payable in cash upon delivery of the deed. In the event the parties could not agree as to the value of the physical improvements, appraisers would be appointed and act *before* the expiration of the option. It is clear from a reading of the terms of the option that time was of the essence because it is specifically provided therein that "(a)t any time within the period above limited, *but not thereafter,*" the defendants would make, execute and deliver a good and sufficient deed for the property upon the payment of the purchase price in cash. See *Sheppard v. Andrews,* 7 N.C. App. 517, 173 S.E. 2d 67 (1970).

We hold that the trial judge did not commit error when he found as a fact and concluded as a matter of law that the plaintiff did not comply with terms of the option.

The judgment is affirmed.

Affirmed.

Judges CAMPBELL and BROCK concur.