NORFOLK AND WESTERN RAILWAY COMPANY v. WERNER
INDUSTRIES, INC.

No. 7421SC61

(Filed 20 March 1974)

Indemnity § 3— action on indemnity agreement — summary judgment for
defendant

Summary judgment was properly entered for defendant contractor in a railway's action to recover, under an agreement that defendant would indemnify the railway on account of injuries "caused by or resulting from any acts or omissions, negligent or otherwise" of defendant contractor, a sum which the railway had paid to defendant's employee for personal injuries the employee suffered while in the performance of defendant's contract with the railway.

Judge CAMPBELL concurring in the result.

Judge BALEY dissenting.

APPEAL by plaintiff from *McConnell, Judge,* 9 July 1973 Session of Superior Court held in FORSYTH County.

This is a civil action instituted by the plaintiff, Norfolk and Western Railway Company, against defendant, Werner Industries, Inc., wherein the plaintiff seeks to recover $6,027.00 under the provisions of an indemnity agreement between the parties. Plaintiff and defendant entered into a contract on 1 November 1969 providing that, among other things, defendant would unfasten and unload motor vehicles from railroad cars at specified unloading facilities belonging to plaintiff. While engaged in unloading operations, Jerry Boyles, an employee of defendant, was injured by an unloading ramp which he was

operating at the time of the accident. Boyles instituted an action against Norfolk and Western Railway Company for damages for personal injury allegedly resulting from the negligence of Norfolk and Western Railway Company. Upon settlement of this claim, plaintiff demanded reimbursement from defendant pursuant to an indemnification provision contained in the 1 November 1969 contract. The indemnification provision, in relevant part, reads as follows:

> "[T]o indemnify and save harmless Norfolk from and on account of injury to any person or persons, including death, as well as damage to or loss of property, or claims in connection therewith, caused by or resulting from any acts or omissions, negligent or otherwise, of Contractor [Werner]. . . ."

The affidavit of Jerry Boyles filed in the present action to support defendant's motion for summary judgment details the events of Boyles' accident. The affidavit discloses that on 15 February 1970, Boyles was moving a mechanical unloading ramp from one track to another by using the standard operating technique. "The standard procedure was for the operator to walk in front of the machine, with his back to it, holding the control switch behind himself and releasing the control switch when the desired position was reached." Boyles further alleged in his affidavit that on the occasion of his injury the control switch malfunctioned causing the ramp to continue to roll forward, strike his right heel, and break his right foot before coming to a stop.

Two affidavits produced by plaintiff indicate that inspections conducted by the plaintiff shortly after the Boyles' accident revealed nothing unusual about the operational status of the ramp.

From the granting of defendant's motion for summary judgment, the plaintiff now appeals.

*Craige, Brawley by C. Thomas Ross for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and William F. Womble, Jr., for defendant appellee.*

HEDRICK, Judge.

The sole question presented on this appeal is whether the pleadings, affidavits, interrogatories, and other exhibits intro-

duced show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c), Rules of Civil Procedure. Determination of whether summary judgment was correctly entered in this case involves a two-step investigation: First, the relevant portion of the indemnification provision must be construed; and second, the motion for summary judgment must be viewed in light of the construction given to the provision.

The key language of the indemnity agreement reads as follows:

> "[Werner agrees] [t]o indemnify and save harmless Norfolk from and on account of injury to any person or persons . . . caused by or resulting from any acts or omissions, negligent or otherwise, of Contractor [Werner]. . . ."

If this language is interpreted to be clear, exact, and unambiguous then the terms of the contract are to be taken and understood in their plain, ordinary, and popular sense, *Weyerhaeuser Co. v. Light Co.,* 257 N.C. 717, 127 S.E. 2d 539 (1962); *Bailey v. Insurance Co.,* 222 N.C. 716, 24 S.E. 2d 614 (1943); however, if the material terms of this agreement are found to be ambiguous then the principle that such writing should be construed against its preparer (Norfolk in this case) must govern. *Trust Co. v. Medford,* 258 N.C. 146, 128 S.E. 2d 141 (1962); *Jones v. Realty Co.,* 226 N.C. 303, 37 S.E. 2d 906 (1946).

It is our view that the language "acts and omissions, negligent or otherwise, of Contractor" is unambiguous and simply and plainly means that if Werner is negligent and such negligence is the proximate cause of injury or death then the defendant shall be responsible to save plaintiff harmless. See, *Singleton v. R. R.,* 203 N.C. 462, 166 S.E. 305 (1932). Plaintiff submits that by its choice of the words *"any* acts or omissions, negligent or *otherwise"* (emphasis added) that it was attempting to effect the maximum indemnification coverage and thereby insure itself against loss regardless of whether injury or death was caused by plaintiff's negligence, defendant's negligence, the negligence of both, or the negligence of neither. Such a reading of the indemnity provision strains the meaning of the relevant portion of the agreement, accents the ambiguous nature of the language, and prompts a strict construction of the writing. *Trust Co. v. Medford, supra; Jones v. Realty Co.,*

*supra.* Furthermore, the indemnity provision according to the preceding analysis can be construed as seeking to exculpate plaintiff from its own negligence and such interpretation also requires that the provision be strictly construed. *Gibbs v. Light Co.*, 265 N.C. 459, 144 S.E. 2d 393 (1965). Therefore, regardless of which construction is given the indemnity provision the result is the same.

Next, we must review the pleadings, affidavits, interrogatories, and other exhibits, in light of the above discussed construction of the indemnity provision, to ascertain whether they create a genuine issue as to any material fact. Plaintiff strenuously contends that the affidavit of Jerry Boyles, particularly that portion pertaining to the method or technique of operation of the unloading ramp, serves to raise a genuine issue as to whether defendant Werner was negligent. We do not agree. The matter contained in the affidavit does not serve to raise an inference of negligence on defendant's part which must be submitted to a jury, but rather any possible inference of negligence derived from the affidavit would be nothing more than the product of speculation or conjecture and not sufficient to avoid summary judgment.

The decision of the trial court granting defendant's motion for summary judgment is

Affirmed.

Judge CAMPBELL concurs in the result.

Judge BALEY dissents.

Judge CAMPBELL concurring.

I concur in the result reached but not in the reasons therefore. The opinion requires that Werner be negligent before the plaintiff could hold Werner responsible under the indemnity agreement. I think this is too narrow a construction and that the word "otherwise" has been eliminated from the agreement by such a construction. I think the word "otherwise" has a meaning and a place. The agreement unquestionably, however, does not permit plaintiff to hold Werner unless Werner has done something or omitted to do something. The words "resulting from any acts or omissions" must be given a meaning, and

I think those words mean that Werner must do something or fail to do something before it can be held liable to the plaintiff under the indemnity agreement. In the instant case there is nothing to show either an act or an omission on the part of Werner. The entire contention of the injured employee was to the effect that the plaintiff had failed in a duty which it owed. The indemnity agreement is not as broad as plaintiff asserts and does not make Werner responsible to plaintiff for something the plaintiff itself did and which Werner did not do or omit to do.

I therefore concur in the result.

Judge BALEY dissenting.

I dissent.

The concurring opinion of Judge Campbell gives the construction to the indemnity agreement with which I am in accord, but I differ with the result he reaches. The employee, Boyles, was injured by the malfunctioning of equipment owned by the railway and furnished not to Boyles, but to Werner for use in complying with its contract with the railway. Then Werner, as employer, furnishes to Boyles this equipment which functions improperly causing injury. The indemnity agreement appears to be designed to protect the railway from having to prove negligence of Werner if the injury was caused by any act or omission of Werner. There is room for a difference of opinion concerning whether the injury was "caused by or resulting from any acts or omissions, negligent or otherwise, of contractor (Werner)." The defendant's motion for summary judgment was improvidently granted. I would award a new trial.