CATAWBA ATHLETICS, INC. v. NEWTON CAR WASH, INC.

No. 8025SC917

(Filed 15 September 1981)

**1. Vendor and Purchaser § 2— option to purchase—time for giving notice**

　　Where a contract provided that a lease and option to purchase should terminate on 30 April 1978 and required the tenant, in order to exercise the option, to "give the landlord thirty (30) days written notice of his intention to exercise said option," the tenant's notice of intent to exercise the option could not be given at any time within the period of the lease but had to be given at least 30 days before the termination date, and notice by letter dated 4 April 1978 was ineffective to exercise the option.

**2. Vendor and Purchaser § 1.4— repudiation of option—no waiver of notice**

　　Defendant optionor did not waive the written notice requirement of an option to purchase by informing plaintiff optionee prior to the date the notice of intent to exercise the option had to be given that it did not intend to comply with the terms of the option.

APPEAL by plaintiff from *Ervin, Judge.* Judgment entered 9 June 1980 in Superior Court, CATAWBA County. Heard in the Court of Appeals 6 April 1981.

Plaintiff alleges that it and defendant entered into a written lease and option to purchase agreement on 31 May 1973 whereby defendant-landlord leased to plaintiff-tenant real property located at 103 South Avenue, Newton, North Carolina, and that the option to purchase gave plaintiff the right to purchase the leased property for a purchase price of $50,000 with the stipulation that all sums paid as rent would be deducted from the purchase price. Plaintiff took possession of the leased property on 31 May 1973 and operated a sporting goods business upon the premises. At the time this action was brought plaintiff still occupied the leased premises and operated its business therein.

Plaintiff further alleged that sometime in March 1977 its president, Howard Houck, went to the office of defendant's president, Claude S. Abernathy, Jr., to discuss plaintiff's intention of exercising the option to purchase. At this meeting, Abernathy informed Houck that defendant did not intend to honor the terms of the lease and option to purchase agreement. Abernathy allegedly told plaintiff that defendant would not sell the property for the stipulated sum less the rental payments which had been received from plaintiff, because he, Abernathy, had not understood when he executed the agreement that the contract so provided.

Plaintiff alleged that on 4 April 1978 plaintiff sent defendant written notice of its intention to exercise the option to purchase and that it stood ready, willing and able to tender the agreed upon purchase price. Subsequently, defendant advised plaintiff that it had received its notice of its intention to exercise its option on 6 April 1978, that the written lease and option to purchase would not be honored, and that plaintiff should vacate the premises no later than midnight on 30 April 1978 when the lease terminated. Following this notice plaintiff once again tendered the purchase price stipulated in the contract to defendant, and it was not accepted.

Plaintiff asked for specific performance of the lease and option to purchase contract and for an order temporarily restraining defendant from interfering with plaintiff's possession or management of its business pending the final hearing in the action.

Plaintiff's request for a temporary restraining order was granted by court order entered 25 April 1978.

On 4 May 1978, a consent order was entered in this matter. By virtue of this order plaintiff agreed to continue paying $300 per month as rental for the property in question. This money was to be placed in an escrow account held by the Clerk of the Superior Court pending the final determination of the controversy. Thereafter, the balance in the account would be distributed in accord with the outcome of the case. In the meantime plaintiff could occupy and conduct its busines out of the disputed premises.

As a defense to plaintiff's action defendant averred that plaintiff had not properly given written notice of its intention to

exercise the option to purchase within the time specified in their contract. Defendant maintained that the option to purchase had lapsed due to the fact that it had not been exercised in a timely manner.

Defendant also asserted a counterclaim against plaintiff. Defendant insisted that because plaintiff had not vacated the leased premises at the termination of the lease, and following repeated demand to do so, plaintiff had been damaged by being deprived of the possession of its premises. As a result defendant claimed it had been damaged to the extent of the rental value of the property of $500 per month.

Defendant asked that the court adjudge him entitled to immediate possession of the premises in question; that the court order the sheriff to eject plaintiff from its premises; that it be awarded damages due to plaintiff's unlawful retention of the property; that defendant be awarded damages in an amount equivalent to the fair rental value of the property from 1 May 1978; that the amounts collected in lieu of rental and held in escrow by the clerk of court be turned over to it; and that the court's temporary injunction restraining defendant be dissolved.

Plaintiff filed a reply to defendant's answer on 20 September 1978. In its reply plaintiff averred that defendant was estopped and had waived the defense of untimely notice under the lease agreement. Plaintiff alleged that this waiver occurred when Abernathy advised Houck in March of 1977 that defendant did not intend to honor the lease and option to purchase agreement. Plaintiff also pleaded the consent order of 28 April 1978 in defense of defendant's counterclaim for damages based on plaintiff's alleged illegal retention of possession of the leased premises.

Defendant filed a motion for judgment on the pleadings on 17 March 1980. Subsequently, on 23 April 1980 plaintiff filed its response to defendant's motion for judgment on the pleadings and combined with it its own motion for summary judgment. In its motion for summary judgment plaintiff averred that the single question before the trial court was whether its option was exercised within the time framework of the lease option which, by the exact terms of the agreement, could be exercised at any time between 31 May 1973 and 30 April 1978. Plaintiff contended that the 30 days written notice of intent to exercise the option to purchase could be given at any time before the expiration of the lease.

The trial court heard arguments on defendant's motion for judgment on the pleadings and plaintiff's motion for summary judgment on 25 April 1980. Upon considering these motions, the trial court properly treated defendant's motion for judgment on the pleadings as a motion for summary judgment as matters outside of the pleadings had been presented for consideration. By its order entered 9 June 1980, the trial court granted partial summary judgment for defendant on all issues except that of damages. Plaintiff's motion for summary judgment was denied. The trial court ordered, among other things, that the temporary injunction which was entered against defendant in the consent order, which enjoined defendant from evicting plaintiff from the leased premises, be dissolved; that defendant be given possession of the premises in question; that the sum paid into and held in escrow in lieu of rental be paid to defendant; and that the remaining issue of damages be tried by a jury. Plaintiff appealed from the court's order.

*Lefler, Gordon and Waddell, by Lewis E. Waddell, Jr., for plaintiff appellant.*

*Thomas W. Warlick and Isenhower, Long, Gaither and Wood, by J. Michael Gaither, for defendant appellee.*

MORRIS, Chief Judge.

[1] The major question presented for review is whether plaintiff gave timely notice of its intention to exercise its option to purchase the property in question. To answer this question requires construction of the contract. The pertinent portions of the lease and option to purchase provide:

I. This lease and option shall begin as of the date hereof and, unless sooner terminated as herein provided, shall exist and continue until the 30th day of April, 1978.

. . .

IX. The Tenant is hereby given the option to purchase the leased property owned by the Landlord at any time during the term of this lease or at the end of the lease period at a price of Fifty Thousand ($50,000) Dollars. Such option shall be exercised by the Tenant by written notice to the Landlord at his usual place of business or at such other address as the Landlord may provide in writing to the Tenant.

.   .   .

(e) The election of the Tenant to exercise this option must be evidenced by a notice in writing addressed to the Landlord, mailed to the office of the Landlord, or to such other place as the Landlord may, from time to time, designate by notice in writing to the Tenant. If the Tenant elects to exercise the option, he shall give the landlord thirty (30) days written notice of his intention to exercise said option.

(f) If the Tenant fails to exercise said option, the lease will terminate and the Tenant will surrender and vacate the leased property within such period provided above.

When the language of a contract such as this lease and option to purchase is clear and unambiguous, the legal effect of the contract is a matter of law for the court. *Kent Corporation v. Winston-Salem*, 272 N.C. 395, 158 S.E. 2d 563 (1968); *Bank v. Corbett*, 271 N.C. 444, 156 S.E. 2d 835 (1967). If the contract is clearly expressed, it must be enforced as it is written, and the court may not disregard the plainly expressed meaning of its language. *Barham v. Davenport*, 247 N.C. 575, 101 S.E. 2d 367 (1958). Options, "being unilateral in their inception, are construed strictly in favor of the maker, because the other party is not bound to performance, and is under no obligation to buy. It is generally held that time is of the essence in such contract, and the conditions imposed must be performed in order to convert the right to buy into a contract for sale." *Winders v. Kenan*, 161 N.C. 628, 633, 77 S.E. 687, 689 (1913); quoted in *Carpenter v. Carpenter*, 213 N.C. 36, 40, 195 S.E. 5 (1938); and *Ferguson v. Phillips*, 268 N.C. 353, 355, 150 S.E. 2d 518 (1966). To render an option to purchase enforceable there must be an acceptance by the optionee which is in accord with all of the terms specified in the option. *Trust Co. v. Medford*, 258 N.C. 146, 128 S.E. 2d 141 (1962); *Eward v. Kalnen*, 14 N.C. App. 619, 188 S.E. 2d 742 (1972); *Builders, Inc. v. Bridgers*, 2 N.C. App. 662, 163 S.E. 2d 642 (1968).

The lease and option to purchase under scrutiny specify that, "[t]he election of the Tenant to exercise this option must be exercised by a notice in writing addressed to the Landlord . . . . If the Tenant elects to exercise the option, he shall give the landlord thirty (30) days written notice of his intention to exercise said option." Plaintiff submits that this language permitted it to accept the offer contained in the option by giving defendant the required

written 30-day notice at any time during the entire option period and "up to the last day of same." The lease and option to purchase specify that the lease and option to purchase began on 31 May 1973, and unless sooner terminated, existed and continued "until the 30th day of April, 1978." The uncontradicted evidence reveals that plaintiff mailed defendant written notice of its intention to exercise its option by letter dated 4 April 1978. Plaintiff argues that this notice was in compliance with the contract because it was mailed before the expiration of the lease and option to purchase on 30 April 1978, it being plaintiff's position that notice to exercise the option could be given any time within the period of the lease, even up to the date of its termination on 30 April 1978.

We disagree. The written notice given by plaintiff was insufficient to constitute a valid acceptance of defendant's offer to sell the property contained in the lease and option to purchase. The contract clearly specifies that to exercise the option the tenant must give the landlord 30 days written notice of its intention. Under the contract the lease and option to purchase both terminated on 30 April 1978. In order properly to exercise the option to purchase plaintiff must have given defendant written notice at or before 30 March 1978.

The notice requirement must have reference to some future date or event. To have any significance, the notice requirement must mean that the notice must be given 30 days before plaintiff is entitled to purchase. Since the option and, thus, the right or offer to purchase were to terminate on 30 April 1978, the notice must have been given at least thirty days before that date. This was the obvious meaning of the agreement.

The timeliness of the notice was essential to this contract as it is to the usual option to purchase agreement. *See Ferguson v. Phillips*, supra; *Barham v. Davenport*, supra; *Douglass v. Brooks*, 242 N.C. 178, 87 S.E. 2d 258 (1955). The purpose of the notice requirement was, first, to give defendant ample time to fulfill its offer and, second, as the contract stipulated, it functioned as evidence that plaintiff had exercised the option and accepted defendant's offer. For these reasons, we think it was essential that the notice be given in accordance with the stipulations of the offer. Since the uncontradicted evidence shows that plaintiff did

not give the proper notice as required by the option to purchase, plaintiff cannot have specific performance of the lease and option to purchase.

[2] In its reply plaintiff raised the issue of whether defendant had waived the notice requirement of the lease and option to purchase by informing plaintiff prior to 30 March 1978 that it did not intend to honor the terms of this agreement. This contention is based upon the theory that notice from the optionor that it would not carry out the terms of the option made unnecessary the giving of notice by the optionee of its intent to exercise the option.

The pleadings and affidavits do give rise to an issue of fact as to whether defendant's president, Abernathy, advised plaintiff's president, Houck, in March 1977 that defendant did not intend to comply with the terms set forth in the lease and option to purchase. However, this issue is immaterial. As a matter of law, even if defendant's president had notified plaintiff of its intention not to fulfill the option, plaintiff would still be bound to give the thirty-day written notice required by the option.

An option to purchase given by the owner of land imposes no obligation on the optionee to purchase the land. The option is merely a continuing offer to sell the land which is irrevocable until the expiration of the time limit of the option. An option "is a contract to give another the right to buy, and not a contract to sell." *Winders v. Kenan,* supra, at 633, 77 S.E. at 689. The option can ripen into a sale or binding contract of sale only by the optionee's exercise of the option, i.e., acceptance of the offer unconditionally as made. 77 Am. Jur. 2d, Vendor and Purchaser, § 40, p. 219; *Trust Co. v. Medford,* supra. The fact that the optionor, before the time for exercising the option expired, gave notice that it would not comply with its contract will not excuse the optionee from giving proper notice of his election to purchase and offering to comply with the terms of the option. The reason being, that until the option is accepted in accordance with the terms of the original contract, no contract to purchase exists, and the optionor is under no obligation to convey the property. See generally 77 Am. Jur. 2d, Vendor and Purchaser, § 40, p. 220. An optionee, such as plaintiff in this case, is not entitled to specific performance of a contract to purchase when the contract does not exist because it has not been accepted. Thus, since, as established,

plaintiff did not give proper notice of his intent to exercise the option to purchase it is immaterial whether defendant had previously repudiated the lease and option to purchase agreement.

Upon a thorough examination of the record we find that there were no issues of material fact, defendant was entitled to judgment as a matter of law. Accordingly the judgment of the trial court is

Affirmed.

Judges MARTIN (Harry C.) and HILL concur.