PATRICIA BAKER RICE, ADMINISTRATOR OF THE ESTATE OF DONALD WILFORD RICE AND PATRICIA BAKER RICE v. PAUL GREGORY WOOD AND KIM IRVING HEATH, D/B/A C & A ASSOCIATES

No. 8721DC1119

(Filed 6 September 1988)

**Vendor and Purchaser § 1.4— exercise of option to repurchase—proper tender**

Where a repurchase agreement was not specific as to the proper tender, notice to the optionees that plaintiffs were exercising the option through a phone call and letter from their attorney to defendants amounted to a proper tender. Actual tender of payment by plaintiffs was unnecessary, since defendants rejected plaintiffs' offer to repurchase.

APPEAL by defendants from *Biggs, Loretta C., Judge.* Judgment filed 25 June 1987 in District Court, FORSYTH County. Heard in the Court of Appeals 6 April 1988.

*Legal Aid Society of Northwest North Carolina, Inc., by Ellen W. Gerber and Kate Mewhinney, for plaintiff-appellees.*

*Laurel O. Boyles and Joseph G. Gatto for defendant-appellants.*

JOHNSON, Judge.

This case appears before this Court for the second time on appeal. In the first trial of this cause in September 1985, the jury found that the agreements entered into by the parties in 1980 constituted a mortgage rather than a sale to the defendants of the plaintiffs' home. The jury awarded damages in the amount of $26,132.00 to the Rices, and defendants appealed.

On appeal, this Court remanded the case to the district court for a new trial. This Court held that although there was sufficient evidence to be submitted to the jury on the issue of whether the parties intended to create a mortgage, the trial court committed prejudicial error by refusing to submit to the jury the crucial requirement of the creation and continued existence of a debt. *Rice v. Wood,* 82 N.C. App. 318, 346 S.E. 2d 205 (1986).

Prior to the new trial in this cause, plaintiff, Donald Rice, died and his wife, Patricia Rice, was duly appointed as administrator of his estate. The case proceeded on behalf of the estate of Donald Rice and his widow in her individual capacity.

On 8 June 1987, the case came on for trial for the second time. On 15 June 1987, the jury found that defendants had breached their contract to reconvey the property to the plaintiffs, who had attempted to exercise their option to repurchase according to the terms of the agreement. The jury awarded $18,000.00 to Mrs. Rice and the estate of Donald Rice.

Defendants appeal from judgment entered on the verdict. By cross-assignments of error, plaintiffs attempt to present several other questions for review.

A full factual summary of this case is contained in our previous opinion. *Rice v. Wood, supra.*

### Defendants' Assignments of Error

First, defendants contend that the trial court committed reversible error in denying their motion for directed verdict at the close of plaintiffs' evidence and renewed at the conclusion of all the evidence. We disagree.

Defendants contend that the plaintiffs did not exercise the option in the repurchase agreement because they did not make a valid tender to defendants to repurchase the property. More specifically, defendants contend that because there was only a "favorable indication" that Mr. Rice would obtain a loan from the credit union in order to repurchase the house, an offer by the Rices' attorney to repurchase the property did not amount to a valid tender.

The general rule concerning the exercise of an option to purchase or repurchase realty is that absent special circumstances, time is of the essence and acceptance and tender must be made within the time required by the option. *Wachovia Bank and Trust Co. v. Medford,* 258 N.C. 146, 128 S.E. 2d 141 (1962).

> Whether tender of the purchase price is necessary to exercise an option depends upon the agreement of the parties as expressed in the particular instrument. The acceptance must be in accordance with the terms of the contract. Where the option requires the payment of the purchase money or a part thereof to accompany the optionee's election to exercise the option, tender of the payment specified is a condition precedent to a formation of a contract to sell unless it is waived by

the optionor. On the other hand, the option may merely require that notice be given of the exercise thereof during the term of the option.

*Kidd v. Early*, 289 N.C. 343, 361, 222 S.E. 2d 392, 405 (1976) (citations omitted).

The repurchase agreement entered into by the parties in the case *sub judice* reads as follows:

We as Sellers, MR. DONALD W. RICE & MS. PATRICIA RICE and as Buyers, C & A ASSOCIATES agree to rental of property at 3036 Airport Road for $216.00 per month and we as Sellers, agree to provide all maintenance for a period of EIGHTEEN MONTHS (18) to end February 28, 1982, *At which time we have the opportunity to repurchase this property at the below price as set out in detail.*

$4017.00 Buyer Cash Outlay

   753.00 Buyer's Profit for Period

 4770.00 Total Amount Payable Plus Assumption.

This amount can be repaid, before period of time without penalty. This agreement is null and void if the rental agreement is broken by the Sellers.

Seller: s/Donald W. Rice                    Buyer: s/P. G. Wood

Seller: s/Patricia Rice                     Buyer: s/K. I. Heath

This repurchase agreement does not specifically state the requirements which must be met in order for plaintiffs to exercise the option, such as: whether payment is to be made in cash or by partial payment or whether notice is sufficient to constitute tender. Ambiguous contracts are to be construed most strongly against the drafting party. *O'Grady v. First Union Nat'l Bank*, 296 N.C. 212, 250 S.E. 2d 587 (1978). Since the contract was not specific as to the proper tender, we believe that notice to the optionees that plaintiffs were exercising the option would amount to a proper tender.

The evidence reveals that plaintiffs' attorney telephoned defendant Gregory Wood to make an offer to repurchase their home. Subsequently, on 30 January 1981, plaintiffs' attorney

mailed a letter which reiterated plaintiffs' desire to exercise their option to repurchase their home. Defendants did not respond to the phone call or letter. During the week of 24 March 1981, plaintiffs' attorney again contacted defendant Wood concerning the option to repurchase. Defendants informed plaintiffs' attorney that defendants were not interested in allowing the Rices to repurchase their home.

We believe this undisputed evidence reveals that plaintiffs gave defendants notice of their desire to exercise the option in their agreement. The testimony by plaintiffs' attorney was that he had verified that the loan had been approved. This evidence was sufficient to establish that plaintiffs were ready, willing and able to exercise the option to repurchase and comply with the contract. Plaintiffs' notice to defendants of their offer to repurchase was made within the time specified by the repurchase agreement. Despite this attempt to exercise the option, defendants' rejection of plaintiffs' offer prevented any tender of payment by plaintiffs. Notice from defendants that they would not carry out the terms of the option made an actual tender of payment by the plaintiffs unnecessary, as the attempt would have been futile. *See Smithfield Oil Co. v. Furlonge*, 257 N.C. 388, 126 S.E. 2d 167 (1962).

Since the contract was ambiguous as to the proper tender, the issue concerning whether payment of the purchase price or notice of an intent to exercise the option would be required, was for the jury to determine. "Ambiguities in contracts are to be resolved by the jury upon consideration of 'the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time.' " *Cleland v. Children's Home, Inc.*, 64 N.C. App. 153, 157, 306 S.E. 2d 587, 590 (1983), *quoting, Silver v. North Carolina Board of Transportation*, 47 N.C. App. 261, 268, 267 S.E. 2d 49, 55 (1980). Therefore, because the jury was to decide whether a valid tender was made by the plaintiffs, the defendants were not entitled to a directed verdict as a matter of law. Defendants' assignment of error is overruled.

Defendants next contend that the court erred in failing to instruct the jury as they requested on the legal definition of tender. We disagree. Defendants argue that the court, as a matter of law, should have stated that a valid exercise of the option required ac-

tual tender of the total amount payable. As we have previously stated, the repurchase agreement did not specifically state what would constitute a valid tender. Therefore, it would have been error for the trial court to have instructed the jury as per defendants' request.

Insofar as defendants' remaining assignments of error are concerned, we find them meritless and without need for discussion.

### Plaintiffs' Cross-Assignment of Error

Plaintiffs requested that this Court consider their cross-assignments of error only if the judgment of the trial court was not affirmed. In light of our ruling, we find it unnecessary to consider them.

For all the aforementioned reasons, in the trial of this matter we find

No error.

Judges BECTON and GREENE concur.