J. D. HALL v. H. C. JONES.

(Filed 10 December, 1913.)

**Contracts—Offer to Sell—Acceptance—Place of Payment.**

> An acceptance of an offer to sell must unconditionally be in accordance with the full terms of the offer, to make a binding contract; and where the proposed vendor and purchaser reside in different towns or places, an offer to sell lands at a certain price implies that payment should be made in cash at the residence of the former, and an acceptance by the latter specifying payment at his own place of residence is a variation from the terms of the offer, and no contract is thereby effectuated.

APPEAL by plaintiff from *Daniels, J.,* at Spring Term, 1913, of WILKES.

Civil action. From a judgment of nonsuit, the plaintiff appealed.

*Finley & Hendren for plaintiff.*
*No counsel for defendant.*

BROWN, J. The plaintiff alleges that he entered into a valid contract with the defendant by which the defendant contracted to sell the plaintiff a certain tract of land; the defendant refused to perform his contract, and plaintiff seeks to recover damages for its breach. The alleged contract is contained in certain letters, as follows:

MR. J. D. HALL,          BLUEFIELD, W. VA., 7 January, 1909.
    *Halls Mills, N. C.*

MY DEAR SIR:—I am just in receipt of your letter, inquiring for cash price on the Calloway farm. I will take fifteen hundred dollars ($1,500) cash for it.

I am offered $1,600, with $700 cash and the other in payments. Let me hear from you at once if you want the place.

Yours very truly,<br>H. C. JONES.

HALL *v.* JONES.

HALLS MILLS, N. C., 11 January, 1909.

DR. COMMODORE JONES,

    *Bluefield, W.. Va.*

DEAR SIR:—I accept your offer of $1,500 for the Calloway farm, and inclose you $1 to bind the trade.

I will have the deed fixed up within fifteen or twenty days and mail to you; then you can sign the deed and send it to the Deposit and Savings Bank, at North Wilkesboro, N. C., with instructions to deliver to me upon the payment of $1,500; or, if you prefer, I will come to Bluefield, which would add to my cost.

So if this is satisfactory, let me know, and acknowledge receipt of the $1.          Yours very truly,

                J. D. HALL.

There is some further correspondence between the parties subsequent to the above, which it is unnecessary to set out. If there was a valid contract between the parties, it is contained in the above letters.

We agree with his Honor that there was no proper acceptance of the defendant's offer. It is familiar learning that to make a valid sale, the acceptance must be in the terms of the offer. 7 Am. and Eng., 125. No especial formalities are required, but the offer and acceptance must agree. The buyer has no right to attach any conditions, if he purposes to hold the seller upon the original offer. *Tanning Co. v. Telegraph Co.,* 143 N. C., 376.

The defendant offered to sell for cash. This required the buyer to pay at the seller's residence. It was the seller's right and duty then to prepare and deliver the deed at that place.

This case is very much like *Sawyer v. Brossart,* 56 Am. Rep., 372, in which a resident of California at Los Angeles addressed a letter to the plaintiff at his residence in Iowa, offering to sell him certain land at a certain price. The plaintiff telegraphed that he would take the property at the price, but added: "Money at your order at the First National Bank here."

---

BUCKNER v. R. R.

---

The Supreme Court of Iowa held that it was not an acceptance; that defendant's offer entitled him to have the money paid to him at Los Angeles, his residence, and to deliver the deed there. See, also, *Northwestern Iron Co. v. Meade,* 21 Wis., 474; *Baker v. Holt,* 56 Wis., 100; 1 Parsons on Contracts (6th' Ed.), 475.

Affirmed.