F. L. POTTER, ADMINISTRATOR OF C. F. GRESHAM, DECEASED, MARY S. GRESHAM, E. L. THOMAS, AND WIFE, BARBARA THOMAS, ANNA WALLER, ELLEN CARROLL, MAGGIE HINES, AND EVA BOSTIC v. J. S. MILLER AND R. E. WHITEHURST, TRUSTEE.

(Filed 27 May, 1926.)

**Deeds and Conveyances—Covenants—Warranty—Equity — Rescission— Cancellation—Evidence—Damages—Contracts—Fraud and Mistake.**

Where a grantee has accepted a deed to lands, with full knowledge of an outstanding life estate, but containing a warranty and covenants against the claims of other persons, there being no evidence of fraud or mistake that would vitiate the conveyance, the grantee must abide by the plain and unambiguous terms of the deed, and is not entitled to the equitable relief of rescission and cancellation, or damages as for a breach of covenants and warranty. The grantee must rely on the contract, the covenants in the deed.

APPEAL by defendants from *Bond, J.,* and a jury, at January Term, 1926, of DUPLIN. New trial.

The necessary facts are: On 30 December, 1919, the defendant, J. S. Miller, and wife executed and delivered to C. F. Gresham (now dead and F. L. Potter is his administrator), and E. L. Thomas, a deed conveying certain tracts of land in Duplin County, N. C., with the following covenants: "And the said parties of the first part do covenant to and with the said parties of the second part, their heirs and assigns, that they are seized of said premises in fee and have right to convey in fee simple; that the same are free and clear from all encumbrances,

and that they do hereby forever warrant and will forever defend the said title to the same against the claims of all persons whomsoever."

This deed was duly recorded in register of deeds office for Duplin County. The consideration was $4,000. Gresham and Thomas paid cash $900, open note for $100 and the remainder of the purchase money was secured by a deed in trust to R. E. Whitehurst—5 notes in the sum of $600 each with interest, each falling due each successive year for five years. This deed in trust was duly recorded.

The plaintiffs allege "that at the date of the execution of the deed as herein set out the said J. S. Miller did not have a fee-simple title to the lands described therein that the same was not free from encumbrances, that he was not seized of the same in fee simple, as he well knew, that one O. W. Quinn was in possession of the same, and is still in the possession of the same, for one Mrs. Hannah Scott, who then was and still is the lawful and rightful owner of a life estate in the said lands, and is in the use and occupation of the same, and legally entitled to use and occupy the same, and the said Miller promised to secure the said life estate, and put the said Gresham and Thomas into the possession of the same, and relying upon his promise paid the purchase money as hereinbefore set out, but the said J. S. Miller has failed and refused to keep his promise, and has never put the said Gresham and Thomas into the possession of the said lands."

C. F. Gresham left a widow and children who are parties plaintiff—his only heirs at law.

The plaintiffs further allege that the covenants were false and untrue. "That by reason of the said J. S. Miller's false covenants in said deeds as hereinbefore set out, and his representations as set out in this complaint, the said C. F. Gresham and E. L. Thomas were greatly damaged, to wit, in the sum of four thousand dollars." That defendants are threatening to make sale to their irreparable injury. That they have suffered great damage by reason of the false representations of the said J. S. Miller in the sum of $4,000. "Wherefore the plaintiffs pray that they recover of the defendants the sum of four thousand dollars damages, that the defendants be restrained from making said sale, that the said mortgage and deed be canceled, and that the defendant, J. S. Miller, be required to pay to the plaintiffs the purchase money expended by them, and for general relief."

The defendants admit the material allegations and allege that the fact of an existing life estate was left out of the deed by mutual mistake. Further—"That the said Miller would satisfy the life tenant as to rent during her tenure, either by a purchase of said life estate for the benefit of the plaintiffs herein or by payment of rent to said life tenant so long as said estate continued." That plaintiffs knew of the outstanding life

estate and they so dealt, and they were in no way deceived and no mis-representations with reference to the same were made. Defendant, J. S. Miller, is amply solvent to réspond to damages. That the whole trans-action was in good faith. That "the said defendant, Miller, has at all times, been ready, able and willing and is now ready, able and willing to deliver said property to the plaintiffs, free of the claims of Hannah Scott, and that same would have been long since done but for the agree-ment heretofore entered into between the plaintiffs and the defendants (an alleged compromise in lieu of the life estate $100 per year to be credited on notes until occupancy of land desired). That if the plaintiffs are damaged by the failure to own and occupy said life estate it is due to their own choice and not through any fault or neglect, misrepresenta-tion or other wrong of the defendant, J. S. Miller."

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the deed delivered and accepted by the plaintiffs with knowl-edge of the outstanding life estate, and with the agreement that the life estate and possession should be afterwards acquired? Answer: Yes.

"2. Was a provision for the exception of the life estate of Hannah Scott omitted from the deed set out in the complaint by mutual mistake of the parties as alleged in the answer? Answer: No.

"3. Has the conduct of the plaintiffs since the delivery of the deed been such as to render a tender of deed from Mrs. Hannah Scott unnecessary? Answer: No."

On the verdict, judgment was rendered by the court below rescinding the conveyance, canceling the deed in trust and notes be surrendered to be canceled. Judgment rendered in favor of C. F. Gresham, administra-tor and E. L. Thomas for $900. Defendants duly made exceptions and assigned error to the judgment rendered and appealed to the Supreme Court.

*Geo. R. Ward and Stevens, Beasley & Stevens for plaintiffs.*
*Gavin & Boney, Whitehurst & Barden and Ward & Ward for de-fendants.*

CLARKSON, J. The first issue was as follows: "Was the deed delivered and accepted by the plaintiffs with knowledge of the outstanding life estate, and with the agreement that the life estate and possession should be afterwards acquired?" It was agreed by the parties that this issue be answered "Yes."

On the whole record we can find no sufficient evidence whatever to be considered by a jury on the second issue. It is well said by *Mr. Justice Connor,* in *Strickland v. Shearon, ante,* 560: "When parties to a

contract have expressed their agreement in terms that are explicit and plain of meaning—that is, when their minds have met on the terms of the contract—it may not be revoked or altered by reason of the mistake of one of the parties alone, resting wholly in his own mind, there being no fraud or misrepresentation by the other. *Lumber Co. v. Boushall,* 168 N. C., 501."

The finding on the first issue was by consent. The parties *sui juris,* made a deed and deed in trust. There was a life estate outstanding on the property conveyed. No mistake about the terms. The writings were complete, no fraud alleged or proved. The deed had covenants of warranty. By the first issue it was agreed between the grantor and grantees that the life estate and possession should be afterwards acquired. Defendant Miller sets up in his answer that he has at all times been ready, able and willing to deliver the property to defendants free of the claims of the life tenant. He has not done so, although years have passed. From the pleadings, admissions and entire evidence, the cause of action is one for breach of covenants expressed in the deed. This is the contract of the parties—they must abide by it.

In *Pridgen v. Long,* 177 N. C., 197, *Walker, J.,* speaking to the subject, says: "Where land has been sold and a deed of conveyance has been duly delivered, the contract becomes executed, and the parties are governed by its terms, and the purchaser's only right of relief, either at law or in equity, for defects or encumbrances depends, in the absence of fraud, solely upon the covenants in the deed which he has received. Rawls Covenants for Title, 459. If the purchaser has received no covenants, and there is no fraud vitiating the transaction, he has no relief for defects or encumbrances against his vendor, for it was his own folly to accept such a deed when he had it in his power to protect himself by proper covenants." *Price v. Deal,* 90 N. C., 290; *Newbern v. Hinton,* 190 N. C., p. 108.

"The covenant of seizin is an assurance to the purchaser that the grantor has the very estate in quantity and quality which he purports to convey. Thus it is held that the covenant is broken if the grantor (in fee simple) has only an estate tail; or if there is an outstanding estate for life," etc., etc. Rawle Cov. Tit., sec. 58; *Crowell v. Jones,* 167 N. C., 389, citing 2 Dev. 30. 2 Mordecai's Lectures (2d ed.), p. 898.

From the pleadings, admissions of the parties, and the entire evidence, the suit cannot be maintained except under the contract—breach of the covenants in the deed.

For the reasons given, there must be a

New trial.