JULIA MAE PARKS v. RUBY D. JACOBS AND JOSEPH JACOBS.

(Filed 20 March 1963.)

**Vendor and Purchaser § 2—**

The fact that the purchaser has the specified cash payment at the office of his attorney and requests the vendor to come there to close the deal does not constitute tender, since it is incumbent upon the purchaser to tender payment to the vendor, who is not required to go to a place designated by the purchaser.

APPEAL by plaintiff from *Fountain, S.J.,* October 1962 Civil Term of ONSLOW.

This is an action to recover a deposit made for an option to purchase two lots owned by *feme* defendant. Plaintiff alleges she exercised her option by notice to the owner accompanied by a tender of cash and securities within the time required by the option and defendant, owner, refused to comply as required by the contract. The amount paid for the option was $1,000, but plaintiff collected from a tenant of the property the sum of $100. This suit is to recover $900.

Defendants admitted the execution of the option to sell for $37,500, of which $12,750, including the $1,000 deposit, was to be paid in cash when the option was exercised, the balance to be in notes secured by purchase money deed of trust. Defendants denied plaintiff exercised the option by paying or tendering payment of the cash within the ten-day period required by the option.

Defendants, at the conclusion of plaintiffs' evidence, moved for nonsuit. The motion was allowed. Plaintiff appealed.

*E. R. Temple for plaintiff appellant.*
*No counsel contra.*

PARKS *v.* JACOBS.

PER CURIAM. The written option given by defendants to plaintiff was not offered in evidence. The parties are, however, in agreement as to its terms. Defendants' obligation to convey was conditioned upon plaintiff's payment of $12,750 to Ruby Jacobs on or prior to 19 August 1955 and the execution of purchase money notes for the balance secured by deed of trust on the property to be conveyed. The contract delineated by the testimony was not, as plaintiff alleges, a bilateral contract to buy and sell, but a unilateral contract or option which could be converted into a bilateral contract when, and only when, the optionee had complied with the terms of the option. *Winders v. Kenan,* 161 N.C. 628, 77 S.E. 687.

The evidence shows H. C. Westbrook secured the option for plaintiff and was her agent charged with responsibility of consummating the purchase. He testified plaintiff executed purchase money notes and deed of trust and provided him with funds necessary to make the cash payment. The fact that plaintiff was able to pay, standing alone, was not sufficient to bind defendants. The option also required a monetary payment. Plaintiff had the burden of showing payment or a tender and refusal to accept. *Trust Co. v. Medford,* 258 N.C. 146; *Winders v. Kenan, supra.*

Westbrook, plaintiff's witness to establish acceptance of the option by plaintiff, was asked specifically if he tendered the money to Mrs. Jacobs. His reply was he took the money out of the bank and carried it to the office of Mr. Sommersill, his attorney. He sought to get defendants to come to Sommersill's office to consummate the sale. *Feme* defendant, owner of the land, refused to go. This evidence was insufficient to establish a tender, for a "tender imports not merely the readiness and the ability to pay or perform, but also the actual production of the thing to be paid or delivered over, and an offer of it to the person to whom the tender is to be made." *Bane v. R.R.,* 171 N.C. 328, 88 S.E. 477; *Hall v. Jones,* 164 N.C. 199, 80 S.E. 228; *Anderson v. Stewart,* 3 A.L.R. 2d 250; 86 C.J.S. 567-8.

The option did not require defendants to go to the office of plaintiff's attorney. Plaintiff had the deed prepared by her attorney. She was entitled to require execution contemporaneously with a tender; but defendant was not required to go to plaintiff or her attorney so that a tender could be made.

Plaintiff makes no contention that she personally made a tender to defendants. Her statement was: "Within the ten-day period, Mr. Westbrook, my agent, made a tender of the money to Mrs. Jacobs." Immediately following that statement she said: "It was made in Mr. Sommersill's office where the papers were all drawn up and waiting

for her signature and of course she wasn't to get the money until she signed the deed."

It is not suggested that plaintiff was in Sommersill's office. All the testimony negatives the idea that *feme* defendant, owner of the property, ever went to Sommersill's office. Hence plaintiff's statement that Westbrook made a tender within the ten-day period in Sommersill's office is a mere conclusion which she drew from what Sommersill told her. It is an erroneous conclusion, one impossible under the physical facts, hence without probative value. *Jones v. Schaffer,* 252 N.C. 368, 114 S.E. 2d 105.

Affirmed.