SAM C. CARR v. THE GOOD SHEPHERD HOME, INC.

(Filed 20 January, 1967.)

**1. Vendor and Purchaser § 1—**

Where the vendor offers in writing to sell described realty at a stated price, payable in yearly installments, a verbal acceptance of the offer by the purchaser is sufficient to constitute an option enforceable by the purchaser.

**2. Frauds, Statute of § 6b— Memorandum signed by vendor must relate to agreement to sell adduced by purchaser's evidence.**

Plaintiff's original complaint alleged that defendant gave plaintiff an option to purchase certain real estate at a stated price, payable in yearly installments, and by amendment alleged that defendant thereafter agreed to permit plaintiff to sell certain of the lots and that defendant would credit the proceeds of sale to plaintiff's contract. Plaintiff offered in evidence a memorandum signed by defendant sufficient to support the agreement originally alleged, but introduced no written memorandum of any agreement signed by defendant to accept the purchase price paid by third persons, as alleged in the amendment and supported by plaintiff's evidence. Defendant pleaded the statute of frauds. *Held:* Plaintiff may not recover on the agreement alleged in the amended complaint in the face of defendant's plea.

**3. Same—**

Upon the plea of the statute of frauds by defendant in defense to an action on an option to sell realty, plaintiff may neither enforce the agreement nor recover damages for loss of a bargain. G.S. 22-2.

APPEAL by plaintiff from *McKinnon, J.,* May-June 1966 Civil Session of BRUNSWICK.

Civil action to obtain specific performance of a contract to convey land, or, in the alternative, damages.

The action was instituted on 21 September 1964. At the trial plaintiff introduced as Exhibit "A" the following letter from Reverend E. V. Dunn, past president of defendant's board of directors:

"The Good Shepherd Home, Inc.
Box 171
Lake Waccamaw, N. C.

February 28, 1958

Mr. Sam Carr
Long Beach Trading Co.
Long Beach, N. C.
Dear Sam,

In reference to our conversation of Tuesday February 18th 1958 at your home concerning the sale property owned jointly by the Good Shepherd Home and W. B. McLean.

This property consists of Blocks No. 101A, 102, 103, 104 which front on the ocean and Davis Creek on the back.

I have been trying to get in touch with Mr. McLean but he has been away from home and has not called me as yet; however, I do have his permission to execute sale of the property at the price which I quoted you — $15,000.00. This to be payable to the Good Shepherd Home at the rate of one-third (⅓) down and the balance due at the rate of one-third of the sale price each year thereafter. This would mean that there would be $5000.00 paid to us by March 28th 1958 another $5000.00 due by March 28th 1959 and the balance of $5000.00 due on March 28th 1960.

As you know we are a little pushed right now for capital and if you can close the deal at an earlier date it really help us.

Hope to see you soon and will be down to see you as soon as I see Mr. McLean or either hear from you. May God bless you and yours.

> Your friend in CHRIST
> Ed Dunn
> Rev. E. V. Dunn, Pres. & Dir.
> The Good Shepherd Home, Inc.
> Lake Waccamaw, N. C."

Plaintiff testified at the trial that upon receipt of the letter he called Rev. Dunn and, in pertinent part, told him: "I had received his letter and that it was satisfactory; that I had two prospects for getting him the money, and that it was acceptable and agreeable on my part." Thereafter, the following transactions took place: (1) Plaintiff negotiated a sale of lots 11 and 12 in Blocks 103 and 104 to Charles A. Leach and wife for a purchase price of $3,500, and pursuant thereto defendant executed deed to the Leaches on 26 July 1958. (2) Plaintiff negotiated a sale of lots to William L. Simmons and wife, and on 26 July 1958 defendant and William L. Simmons and wife entered into a contract for the purchase and sale of lots 3, 4, 5, 6, 7, 8, 9 and 10 in Blocks 103 and 104. By the terms of said contract Simmons was to pay $500 cash; $3,500 on or before December 1, 1958; $4,000 on or before 1 December 1959; and $4,000 on or before 1 December 1960. Simmons was to receive a deed for lots 9 and 10 in Blocks 103 and 104 upon making payment in the amount of $3,500, and the remainder of the lots upon payment of the balance of the purchase price in the amount of $8,000. (3) By deed dated 1 December 1958 defendant conveyed to Simmons lots 9 and 10 in Blocks 103 and 104. (4) By deed

dated 11 November 1959 defendant conveyed to Fred Cook and wife part of the lots described in the contract of purchase and sale with Simmons. Simmons testified that he sold the lots to Cook, although the record shows that the deed to Cook was executed by the defendant as grantor. (5) By deed dated 20 January 1964 defendant conveyed to Simmons and wife all the remaining lots enumerated in the contract with Simmons. Later, Mr. Dunn advised plaintiff that when Simmons had complied with his contract plaintiff would get his settlement, he would get the property he was supposed to get.

Defendant received $15,500 as a result of the transactions set out above. None of the lots described in Exhibit "A" have been conveyed to plaintiff, and plaintiff has received no compensation for negotiating said sales. Defendant's attorneys offered plaintiff the sum of $1,550, which he refused.

Plaintiff contends he is entitled to have defendant deed to him all lots described in Exhibit "A" which have not been conveyed to Leach, Simmons and Cook and to recover the sum of $500, which plaintiff contends is an overpayment in the alleged contract.

In its responsive pleadings the defendant, *inter alia,* pleaded the statute of frauds and the three-year statute of limitations.

At the close of plaintiff's evidence, upon motion duly made, judgment as of nonsuit was allowed. Plaintiff appeals.

*Frink and Gore and E. J. Prevatte for plaintiff.*
*Herring, Walton, Parker & Powell for defendant.*

BRANCH, J. The decisive question on this appeal is: Did the trial judge err in granting defendant's motion for nonsuit?

"In order to constitute an enforceable contract within the statute of frauds, the written memorandum, though it may be informal, must be sufficiently definite to show the essential elements of a valid contract. It must embody the terms of the contract, names of vendor and vendee, and a description of the lands to be conveyed, at least sufficiently definite to be aided by parol." *Smith v. Joyce,* 214 N.C. 602, 200 S.E. 431. See also *Elliott v. Owen,* 244 N.C. 684, 94 S.E. 2d 833. The writing relied on by plaintiff was sufficiently definite to show the essential elements of a valid contract. " 'A written option offering to sell, at the election of the optionee, can become binding on the owner by a verbal notice to the owner. . . .' " *Burkhead v. Farlow,* 266 N.C. 595, 146 S.E. 2d 802.

This Court held in the case of *Hudson v. Cozart,* 179 N.C. 247, 102 S.E. 278: " 'The doctrine is fundamental that either of the parties seeking a specific performance against the other must show,

as a condition precedent to his obtaining the remedy, that he has done, or offered to do, or is then ready and willing to do, all the essential and material acts required of him by the agreement at the time of commencing the suit, and also that he is ready and willing to do all such acts as shall be required of him in the specific execution of the contract according to its terms.' . . . 'The party seeking aid of the court, as actor, must not only show that he has complied with the terms so far as they can and ought to be complied with at the commencement of the suit, he must also show that he is able, ready, and willing to do those other acts which the contract stipulates for as a part of its specific performance.' " Here plaintiff has not shown that he has complied with the terms of the written memorandum or that he is ready and willing to do all such acts as shall be required of him in the specific execution of the contract according to the terms of the written memorandum. He has sought to show by amendment to his complaint another *oral* agreement between the plaintiff and the defendant which departs from the essential terms of the written memorandum. The amendments to plaintiff's complaint are as follows:

"THREE. That immediately upon receiving the proposal from the defendant, plaintiff advised the defendant of his acceptance of the proposed contract, and did then obtain from defendant an agreement giving the defendant the option of either paying in cash as stated in the proposal or selling certain of the lots and using the proceeds from the sale or sales, as the needs might require, to pay the purchase price.

"FOUR. That, acting with the full cooperation and knowledge of the defendant and in conformity with said contract and agreement as set out above in Paragraph Three, plaintiff negotiated a sale of Lots 11 and 12, Block 104, and Lots 11 and 12, Block 103, with Charles A. Leach and wife, Edith C. Leach, at and for a total purchase price of Three Thousand Five Hundred ($3,500.00) Dollars; that said purchase price was paid by Charles A. Leach and wife and plaintiff directed the defendant to make a deed direct to Charles A. Leach and wife, which was done by deed dated 26 July, 1959, and thereafter recorded in Book 138 at Page 195, Records of Brunswick County; that plaintiff did not retain any part of the purchase price, but rather had the total amount applied to the contract of purchase between him and the defendant, as referenced above; that by following through with the deed of conveyance to Charles A. Leach and wife and by acceptance of the purchase price from said sale negotiated by plaintiff with Charles A.

Leach and wife, as referenced above, the defendant did then and there ratify the contract with plaintiff."

The record does not reveal that any evidence was offered by the plaintiff to prove the subsequent agreement alleged in paragraph Three of his amended pleadings.

The plaintiff cannot recover on the agreement which he alleged in his amended complaint and which he attempted to prove by the introduction of certain written instruments because there is no written note or memorandum signed by the defendant which his allegations in the amended complaint or his evidence tends to establish.

In the case of *Keith v. Bailey*, 185 N.C. 262, 116 S.E. 729, the owner of land entered into a contract with defendant by a written memorandum agreeing to convey lands. The defendant failed to purchase the lands and the plaintiff brought action for damages. At the trial the plaintiff testified to a parol agreement which did not correspond with the written memorandum, but was inconsistent with its terms. Holding that the plaintiff was not entitled to recover, the Court said: "The plaintiff cannot recover on the memorandum or receipt (even if it be otherwise sufficient), because it does not embody the entire contract, nor on the agreement to which he testified at the trial, whether considered independently of or in connection with the receipt, because in either event is there no written note or memorandum signed by the party to be charged and embracing all the essential terms of the contract which the evidence tends to establish."

"It is settled law in North Carolina that an oral contract to convey or to devise real property is void by reason of the statute of frauds (G.S. 22-2). . . . Upon a plea of the statute, it may not be specifically enforced and no recovery of damages for the loss of the bargain can be predicated upon its breach. . . . Where the pleadings raise the question of the statute of frauds, that defense is not waived by a failure to object to the parol evidence on the trial." *Pickelsimer v. Pickelsimer*, 257 N.C. 696, 127 S.E. 2d 557. The defendant pleaded the statute of frauds, thereby preventing the enforcement of oral contract to convey.

The written memorandum on which plaintiff must depend in order to make out his case is the letter dated February 28, 1958, addressed to the plaintiff. Plaintiff's attempted proof constitutes an essential variance and departure from the terms of this written memorandum.

For reasons stated, the judgment of the court below is
Affirmed.