**MILLER v. RUSSELL**

[217 N.C. App. 431 (2011)]

GREGORY SCOTT MILLER, SARAH R. MILLER AND COLIE W. MILLER, JR.,
PLAINTIFFS v. ROGER RUSSELL AND WIFE, LINDA RUSSELL, DEFENDANTS

No. COA11-667

(Filed 20 December 2011)

## 1. Specific Performance—option contract—failure to exercise option according to terms

The trial court erred by granting summary judgment in favor of plaintiffs by requiring specific performance of an option contract. Plaintiffs Sarah Miller and Gregory Scott Miller did not exercise the option according to its terms before the option expired. Thus, the case was remanded to the trial court for an order granting summary judgment in favor of defendants on this issue.

## 2. Deeds—option contract—statute of frauds—consideration not required—failure to show fraud, duress, or misrepresentation

The trial court did not err by granting summary judgment in favor of defendants as to tract 3. The statute of frauds barred plaintiffs' claim to tract 3 based upon any alleged agreement that it would be conveyed along with tracts 1 and 2 under the option contract. Further, there is no legal requirement that a deed be supported by consideration. Plaintiffs' forecast of evidence did not show that defendants obtained the deed to tract 3 by fraud, duress, or misrepresentation.

Appeal by plaintiffs and defendants from order entered 24 March 2011 by Judge Benjamin G. Alford in Superior Court, Craven County. Heard in the Court of Appeals 7 November 2011.

*Ayers & Haidt, P.A., by James M. Ayers II, for plaintiffs-appellants.*

*White & Allen, P.A., by Moses D. Lasitter, for defendants-appellants.*

STROUD, Judge.

Gregory Scott Miller, Sarah R. Miller, and Colie W. Miller, Jr. (referred to collectively as "plaintiffs") appeal and Roger Russell and Linda Russell ("defendants") cross appeal from a trial court's order granting partial summary judgment in favor of plaintiffs and partial summary judgment in favor of defendants. For the foregoing reasons, we affirm in part and reverse in part the trial court's order.

MILLER v. RUSSELL

[217 N.C. App. 431 (2011)]

## I. Background

On 23 July 2010, plaintiffs filed a complaint against defendants alleging that defendants had breached the terms of an option to purchase contract by refusing plaintiffs' request to purchase two parcels of real property ("Tracts 1 and 2") previously conveyed to defendants by plaintiff Colie W. Miller, Jr., and for "failure of consideration" as to a third parcel of property ("Tract 3") conveyed by plaintiff Colie W. Miller, Jr. to defendants. Plaintiffs alleged that they entered into an agreement with defendants wherein plaintiffs were to deed three tracts of property to defendants in exchange for defendants loaning money to plaintiff Gregory Scott Miller and receiving an option to repurchase the three tracts of real property by 10 October 2010; it was discovered that only two tracts had been deeded to defendants, so plaintiff Colie Miller, Jr. subsequently deeded a third tract to defendants, pursuant to the parties' agreement; contrary to the parties' agreement, defendants never added this third tract to the option to repurchase; and when plaintiff Sarah Miller attempted to exercise the option as to Tracts 1 and 2, defendants, in violation of the terms of the option, would not re-convey those tracts to plaintiff Sarah Miller. Plaintiffs requested "specific performance of the option to re-convey the land referenced in [the option contract;]" "an Order re-conveying Tract 3, (the one-half acre tract) because there was no consideration to support the conveyance and because it is part of the [option contract;]" and costs and attorney fees. Included with the complaint was a copy of the deed from plaintiff Colie W. Miller, Jr. conveying Tract 1 and 2 to defendants, the option contract, a deed from Colie W. Miller, Jr. conveying Tract 3 to defendants, and the 1990 deed which conveyed all three tracts to plaintiff Colie W. Miller, Jr. On the same date, plaintiffs filed a notice of *lis pendens* describing the nature of the complaint and the properties involved. On 17 September 2010, defendants filed their "answer and counterclaim[,]" moving for dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6); raising the affirmative defenses of the statute of frauds and estoppel; denying plaintiffs' allegations as to an agreement between the parties; denying plaintiffs' claims for breach of the option contract and for re-conveyance of Tract 3; and raising the counterclaim that plaintiffs' complaint and *lis pendens* constituted a slander of title. On 1 October 2010, plaintiffs filed a reply denying defendants' allegations in the counterclaim. On 17 February 2011, plaintiffs filed a motion for summary judgment. Defendants filed their motion for summary judgment on 23 February 2011.

The affidavits, depositions, and documents filed with those motions, along with the parties' pleadings, tended to show that on 16 October 2008 plaintiff Colie W. Miller, Jr. executed a deed conveying to defendants for "valuable consideration paid" two parcels, Tracts 1 and 2, containing approximately 11.37 acres of land and recorded in Book 2766 at Page 261 of the Craven County Registry. On the same date, plaintiffs Gregory Miller and Sarah Miller and defendants executed an "option to purchase" contract which permitted plaintiffs Sarah Miller and Gregory Miller to exercise the option to purchase Tracts 1 and 2 within two years for $31,526.00, plus interest. The option contract provided that at "any time during the option period, Buyer[1] may exercise this option by hand delivery or written notice by certified or registered mail, return receipt requested and the sum of $1000.00 as earnest money to Sellers at [defendants' counsel's mailing address]." This option contract was recorded in Book 2766 at Page 265 of the Craven County Registry. On 30 January 2009, plaintiff Colie W. Miller, Jr. executed a deed conveying to defendants for "valuable consideration paid" a third parcel of property, Tract 3, and that deed was recorded in Book 2790 at Page 378 of the Craven County Registry. On or about 28 June 2010, plaintiff Sarah Miller executed documents for a loan to be used for the purpose of the purchase of Tracts 1 and 2 pursuant to the option contract. Plaintiffs' affidavits state that "[a] closing date of June 28, 2010 was scheduled" and their counsel Steven Bell "notified the Defendants [sic] counsel that a closing was imminent and asked that the Defendants produce a deed to Plaintiff Sarah R. Miller for the property[,]" but "[t]he Defendants refused . . . to re-convey said property in accordance with the terms of [the option contract]." On 28 June 2010, plaintiffs' counsel, Mr. Bell, sent "VIA EMAIL" a letter to Mr. Moses Lassiter, defendants' counsel, regarding the "Option for Gregory Miller and Sarah Miller" stating that "my client is closing on the two parcels that were included in the option[,]" and plaintiff Sarah Miller "reserves her rights to all legal remedies allowed by contract or by law relative to the third parcel." On 7 October 2010, plaintiffs' counsel sent "VIA EMAIL" another letter to defendants' counsel regarding the "Option for Sarah Miller" stating that defendants had refused to sign the deed conveying Tracts 1 and 2 to plaintiff Sarah Miller, as required by the option contract, and plaintiff Sarah Miller was again "coming in tomorrow" to tender the purchase price and "is willing to close on the two parcels included in the option[.]"

---

1. The contract identified "buyer" as Sarah Miller and Gregory Miller.

On 24 March 2011, the trial court, by written order, granted plaintiffs' motion for summary judgment, which granted specific performance of the option contract and conveyance of Tracts 1 and 2, and granted defendants' motion for summary judgment on plaintiffs' claim regarding of Tract 3. The specific terms of the summary judgment order are "That Plaintiffs' Motion for Summary Judgment as to the real property described in Book 2766 at Page 261 of the Craven County Registry is allowed." We first note that the terms of the summary judgment order appear to go beyond specific performance of the option contract, as it appears to require defendants to convey Tracts 1 and 2 to all three plaintiffs, as requested in plaintiffs' complaint, even though plaintiff Colie Miller, Jr. was not a party to the option contract, and only plaintiff Sarah Miller attempted to exercise the option.[2] On 18 April 2011, defendants filed notice of appeal from the trial court's 24 March 2011 order. Plaintiffs filed notice of appeal on 19 April 2011 from the trial court's order.

## II. Standard of review

The standard of review from a motion for summary judgment is well established:

> Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' N.C. Gen. Stat. § 1A-1, Rule 56(c). 'A trial court's grant of summary judgment receives *de novo* review on appeal, and evidence is viewed in the light most favorable to the non-moving party.' *Sturgill v. Ashe Memorial Hosp., Inc.*, 186 N.C. App. 624, 626, 652 S.E.2d 302, 304 (2007), *disc. review denied*, 362 N.C. 180, 658 S.E.2d 662 (2008).

*Mitchell v. Brewer*, \_\_\_ N.C. App. \_\_\_, \_\_\_, 705 S.E.2d 757, 764-65 (2011) (quoting *Liptrap v. Coyne*, 196 N.C. App. 739, 741, 675 S.E.2d 693, 694 (2009)), *disc. review denied*, 365 N.C. 188, 707 S.E.2d 243 (2011). On appeal, defendants contend that the trial court erred in granting summary judgment in favor of plaintiffs and ordering specific performance of the option contract to convey Tracts 1 and 2 to

---

2. In addition to the allegation and prayer in plaintiffs' complaint, their motion for summary judgment and memorandum in support of the motion also request that all three properties be re-conveyed to all three "plaintiffs," although plaintiffs Sarah Miller and Gregory Miller had never owned the 3 tracts and plaintiff Colie Miller Jr. was not a party to the option contract.

plaintiffs. On cross appeal, plaintiffs contend that the trial court erred in denying their motion for summary judgment to void the conveyance of Tract 3 to defendants and granting summary judgment in favor of defendants. We will address defendants' appeal first.

### III. Defendants' appeal

**[1]** Defendants contend that plaintiffs, "as the party seeking specific performance, have failed to show that they have done all of the essential and material acts required to exercise the option" and "[a]s such, the acceptance is not effective, the option has not transformed into a contract to sell, and no specific performance should be granted." Specifically, defendants argue that plaintiffs did not follow the option contract's "clear and unambiguous" terms regarding how to exercise the option before the option expired and, therefore, they should not be required to convey Tracts 1 and 2 to plaintiffs. Plaintiffs counter that summary judgment in their favor was not in error because they[3] "complied with the material requirements of the option," by tendering "the full option price, inclusive of all interest . . . prior to the expiration of the option" and filed their "Complaint and Notice of Lis Pendens, seeking specific performance . . . before the option expired." Plaintiffs conclude that "[a]s such, the acceptance was clearly effective, the option was transformed into a contract to sell, and specific performance was properly granted by the Trial Court."

This Court has stated that "[t]he issue of contract interpretation is a question of law." *Lee v. Scarborough*, 164 N.C. App. 357, 360, 595 S.E.2d 729, 732, *disc. review denied*, 359 N.C. 189, 607 S.E.2d 273, 274 (2004). "An option contract is not a contract to sell, but a continuing offer to sell [] land which is irrevocable until the expiration of the time limit of the option." *Lagies v. Myers*, 142 N.C. App. 239, 248, 542 S.E.2d 336, 342 (citations and quotation marks omitted), *disc. review denied*, 353 N.C. 526, 549 S.E.2d 218 (2001).

> Generally, the same principles of construction applicable to all contracts apply to option contracts. *See Catawba Athletics v. Newton Car Wash*, 53 N.C. App. 708, 711-12, 281 S.E.2d 676, 678-79 (1981). "[T]he ultimate test in construing any written agreement is to ascertain the parties' intentions in light of all the relevant circumstances." *Davis v. McRee*, 299 N.C. 498, 502, 263 S.E.2d 604, 606 (1980) (emphasis in original). If the option terms are

---

3. Plaintiffs' brief makes no distinction between the three plaintiffs' rights, claims, or relief sought, despite the fact that only Sarah Miller attempted to exercise the option and Colie Miller, Jr. was not a party to the option contract.

clear and unambiguous, "it must be enforced as it is written, and the court may not disregard the plainly expressed meaning of its language." *Catawba Athletics*, 53 N.C. App. at 712, 281 S.E.2d at 679 (citation omitted). For the language of the contract reflects the intent of the parties, and we therefore presume that the language means what it purports to mean. *Williamson v. Bullington*, 139 N.C. App. 571, 534 S.E.2d 254, 256 (2000).

*Id.* at 247, 542 S.E.2d at 341-42 (emphasis in original). Additionally,

"options, 'being unilateral in their inception, are constructed strictly in favor of the maker, because the other party is not bound to perform[], and is under no obligation to buy.' " *Catawba Athletics*, 53 N.C. App. at 712, 281 S.E.2d at 679 (quoting *Winders v. Kenan*, 161 N.C. 628, 633, 77 S.E. 687, 689 (1913)). . . . Furthermore, the option must be exercised strictly "in accord with all of the terms specified in the option." *Catawba Athletics*, 53 N.C. App. at 712, 281 S.E.2d at 679 (citations omitted); *see also Theobald v. Chumley*, 408 N.E.2d 603, 605 (Ind. Ct. App. 1980) ("since the optionee is the sole party capable of consummating the option, courts require strict adherence to the option's terms"). The plaintiff has the burden of demonstrating that he exercised the option in accordance with the option's terms. *Parks v. Jacobs*, 259 N.C. 129, 129 S.E.2d 884 (1963)."

*Id.* at 248-49, 542 S.E.2d at 342. *See Kidd v. Early*, 289 N.C. 343, 361, 222 S.E.2d 392, 405 (1976) (stating that in the context of an option contract, "[t]he acceptance must be in accordance with the terms of the contract.") Further,

" '[t]he doctrine is fundamental that either of the parties seeking a specific performance against the other must show, as a condition precedent to his obtaining the remedy, that he has done, or offered to do, or is then ready and willing to do, all the essential and material acts required of him by the agreement at the time of commencing the suit, and also that he is ready and willing to do all such acts as shall be required of him in the specific execution of the contract according to its terms.' . . . 'The party seeking aid of the court, as actor, must not only show that he has complied with the terms so far as they can and ought to be complied with at the commencement of the suit, he must also show that he is able, ready, and willing to do those other acts which the contract stipulates for as a part of its specific performance.' "

*Carr v. Good Shepherd Home, Inc.*, 269 N.C. 241, 243-44, 152 S.E.2d 85, 88 (1967) (quoting *Hudson v. Cozart*, 179 N.C. 247, 252, 102 S.E. 278, 281 (1920) (citation and quotation marks omitted)).

Here, two of the plaintiffs, Sarah and Gregory Miller, were specifically identified as the "Buyer" under the option contract, which set the term for exercise of the option as "a period of two years and shall exist and continue until twelve o'clock on the 10<u>th</u> day of October 2010." (emphasis in original). Not only does the option contract set the purchase price as $31,526.00, plus interest, it also includes specific directions as to how to exercise the option:

> 2. <u>Exercise.</u> At any time during the option period, Buyer may exercise this option by hand delivery or written notice by certified or registered mail, return receipt requested and the sum of $1000.00 as earnest money to Sellers at [defendants' counsel's law firm mailing address]."

Neither party makes any argument that the option contract is ambiguous, and we find no ambiguity in the terms of the option contract. The record shows that plaintiff Sarah Miller alone attempted to exercise the option. Plaintiff Gregory Miller did not attempt to exercise the option, and plaintiff Colie Miller Jr. was not a party to the option contract. Plaintiff Sarah Miller obtained financing to purchase the property, pursuant to the terms of the option contract and "[a] closing date of June 28, 2010 was scheduled[.]" Although plaintiffs' affidavits also note that their counsel, Steven Bell "notified the Defendants [sic] counsel that a closing was imminent and asked that the Defendants produce a deed to Plaintiff Sarah R. Miller for the property[,]" the only communications between Mr. Bell and Mr. Lasitter, defendants' counsel, were two letters dated 28 June 2010 and 7 October 2010 which were sent "VIA EMAIL[.]" There is no indication in the record that any plaintiff or their counsel ever sent "by hand delivery or written notice by certified or registered mail, return receipt requested" notification of an intention to exercise the option or tendered the $1,000.00 earnest money to defendants' counsel's address.[4] We also note that only one of the two persons to whom the option was granted, plaintiff Sarah Miller, attempted to exercise the option; there is also no evidence that plaintiff Gregory Scott Miller consented to Sarah Miller's separate exercise of the option at or prior to the time of the attempted exercise of the option. Strictly construing the terms

---

4. In fact, the draft closing statement prepared by counsel for plaintiff Sarah Miller states that no earnest money was paid.

of the option, plaintiffs failed to meet their burden to show that they "exercised the option in accordance with the option's terms[.]" *See Lagies*, 142 N.C. App. at 248, 542 S.E.2d at 342. Thus, plaintiffs were not entitled to specific performance of the option contract, as no plaintiff, including Sarah Miller, demonstrated "strict adherence to the option's terms[.]" *See id.* at 248, 542 S.E.2d at 342; *Carr*, 269 N.C. at 243-44, 152 S.E.2d at 88. Accordingly, the trial court erred in granting summary judgment in favor of plaintiffs by requiring specific performance of the option contract. Therefore, we reverse the trial court's ruling granting summary judgment in favor of plaintiffs. As plaintiffs Sarah Miller and Gregory Scott Miller did not exercise the option according to its terms before the option expired, we remand to the trial court for an order granting summary judgment in favor of defendants as to this issue.

### IV.  Plaintiffs' appeal

**[2]** Plaintiffs argue they "are entitled to summary judgment with regard to the third tract because the pleadings and affidavits establish that there is no genuine issue of material fact." Although their arguments are conflated, plaintiffs present two bases for their claim as to Tract 3: (1) that there was an agreement that Tract 3 would be included in the land to be re-conveyed along with Tracts 1 and 2 under the option contract, but it was omitted from the option contract; and/or (2) that there was no consideration to support the original conveyance of Tract 3 from Colie Miller, Jr. to defendants. Thus, under one theory, plaintiffs argue that Tract 3 should be conveyed to plaintiffs Sarah Miller and Gregory Miller because it should have been included under the option contract and, under the other theory, plaintiffs claim that Tract 3 should be returned to plaintiff Colie Miller Jr. for lack of consideration. Defendants counter that we should uphold the trial court's decision to grant summary judgment in their favor based upon the statute of frauds and because a valid deed does not require consideration. Defendants argue that "the deed stands alone as the embodiment of the agreement made as to the third tract of land[,]" and there is no other evidence regarding the conveyance other than the deed that "escapes the mandates of the Statute of Frauds." Lastly, defendants argue that if there was a mistake in the deed it was not a mutual mistake and "a unilateral mistake is not a basis for rescission of the deed."

### A.  Statute of Frauds

Defendants are correct that the statute of frauds bars plaintiffs' claim as to Tract 3 based upon any alleged agreement that Tract 3

would be conveyed along with Tracts 1 and 2 under the option contract. N.C. Gen. Stat. § 22-2 (2009) states that "[a]ll contracts to sell or convey any lands . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." Thus,

> an oral contract to convey or to devise real property is void by reason of the statute of frauds (G.S. 22-2). . . . Upon a plea of the statute, it may not be specifically enforced and no recovery of damages for the loss of the bargain can be predicated upon its breach. . . .

*Carr v. Good Shepherd Home, Inc.*, 269 N.C. 241, 245, 152 S.E.2d 85, 89 (1967) (citation and quotation marks omitted). Plaintiffs' complaint, their memorandum of law in support of their motion for summary judgment, the letters from plaintiffs' counsel Steven Bell to defendants' counsel, and plaintiffs' affidavits all claim that Tract 3 was to be part of the option contract but was left out of the documentation and that Tract 3 was not intended to be a gift to defendants. Thus plaintiffs allege an oral agreement between the parties as to the conveyance of Tract 3 which was not reduced to writing or signed by the parties. The option contract makes no mention of Tract 3. We also note that only plaintiffs Sarah Miller and Gregory Miller were parties to the option contract, but Colie W. Miller, Jr., the sole owner of Tract 3 prior to its conveyance to defendants, was not. Plaintiffs Sarah Miller and Gregory Miller have never had any ownership interest in Tract 3. Even viewing the evidence in the light most favorable to plaintiffs, they have at best demonstrated only an oral agreement regarding the conveyance of Tract 3 which is unenforceable based upon the statute of frauds. *See* N.C. Gen. Stat. § 22-2; *Carr*, 269 N.C. at 245, 152 S.E.2d at 89.

B. Consideration

Plaintiffs also argue that there was "no consideration" for the deed to tract 3, and that a deed without consideration should be rescinded. However, in their complaint, plaintiffs' second claim is for "failure of consideration[,]" although plaintiffs also alleged that they "received no consideration for the conveyance of [tract 3].[5] These two terms are not identical.

---

5. In their memorandum in support of a motion for summary judgment, plaintiffs argued that they were "entitled . . . to have the third tract of land re-conveyed as a result of the *lack of consideration*." (emphasis added).

Failure of consideration differs from lack of consideration in that it refers to something subsequent to the agreement, and not to something inherent in the agreement itself. Failure of consideration, like lack of consideration, is not generally considered a sufficient ground for equitable cancellation of an instrument in the absence of some additional circumstance independently justifying this relief, such as fraud, duress, or mistake. But, as in the case of lack of consideration, where there is a failure of consideration equity will seize upon the slightest circumstance of an inequitable nature for the purpose of administering justice in the particular case.

*Hinson v. Jefferson*, 24 N.C. App. 231, 238, 210 S.E.2d 498, 502 (1974) (quoting 13 Am. Jur. 2d § 22), *affirmed and modified on other grounds*, 287 N.C. 422, 215 S.E.2d 102 (1975). Even though these issues are also conflated, we will address plaintiffs' apparent claims for failure of consideration and lack of consideration.

1. Failure of consideration

Our Supreme Court has stated that "[f]ailure of consideration is a defense to an action brought upon a contract against the party who has not received the performance for which he bargained. It also entitles such party to sue to recover that which he has paid for the performance for which he bargained." *Gore v. George J. Ball, Inc.*, 279 N.C. 192, 199, 182 S.E.2d 389, 393 (1971) (citations omitted).

Plaintiffs raised "failure of consideration" by alleging that they had "not received the performance for which [they had] bargained." *See Gore*, 279 N.C. at 199, 182 S.E.2d at 393. Specifically, as to failed performance by defendants, plaintiffs' complaint alleges that plaintiffs agreed to convey three tracts of real property to defendants in exchange for a loan to plaintiff Gregory Scott Miller and the option to repurchase the three tracts. Plaintiffs further allege that defendants refused to give them an option to repurchase the third tract after plaintiff Colie W. Miller, Jr. had conveyed it, as defendants had initially agreed. In support of this allegation plaintiffs submitted individual affidavits and two letters "VIA EMAIL" from plaintiffs' counsel to defendants' counsel, stating that Tract 3 "was suppose to be part of the agreement[.]" However, any consideration would be part of an oral agreement between the parties for the conveyance of real property, and, as noted above, an oral agreement regarding the conveyance of Tract 3 would be unenforceable based upon the statute of frauds. Therefore, this claim has no merit.

2. Lack of consideration

As noted above, plaintiffs also alleged that there was "no consideration" for the deed to Tract 3, alluding to a claim for lack of consideration. The deed itself states that Tract 3 was deeded "for valuable consideration paid" by defendants. But

> [n]umerous appellate decisions of this Court and our Supreme Court have stated, that recitals in a deed are presumed to be correct, that is only a presumption and the law does not stop there. Under suitable circumstances our law has long permitted deed recitals of all kinds to be overcome by proof, including even the recital that it is a deed; and deed recitals of consideration have been overcome by proof in many cases. *See Penninger v. Barrier*, 29 N.C. App. 312, 224 S.E.2d 245, rev. denied, 290 N.C. 552, 226 S.E.2d 511 (1976); *Harris v. Briley*, 244 N.C. 526, 94 S.E.2d 476 (1956).

*Patterson v. Wachovia Bank & Trust Co., N.A.*, 68 N.C. App. 609, 613-14, 315 S.E.2d 781, 784 (1984); *see Burnett v. Burnett*, 122 N.C. App. 712, 715, 471 S.E.2d 649, 651-52 (1996) (noting that "[a] mere recital of consideration, however, does not compel a finding that consideration was received, if other evidence reveals that no consideration was in fact received." (citations omitted)). Plaintiffs' affidavits aver that there was no consideration for the deed to Tract 3, and the record reveals that there are no revenue stamps on the Tract 3 deed. However, there is no legal requirement that a deed be supported by consideration: "[A] deed in proper form is good and will convey the land described therein without any consideration, except as against creditors or innocent purchasers for value." *Philbin Invest., Inc. v. Orb Enterprises, Ltd.*, 35 N.C. App. 622, 626, 242 S.E.2d 176, 178-79 (quoting *Smith v. Smith*, 249 N.C. 669, 676, 107 S.E.2d 530, 535 (1959)), *disc. review denied*, 295 N.C. 90, 244 S.E.2d 260 (1978).[6] Therefore, even if there was no consideration for Tract 3, this fact does not lead to the conclusion that the deed should be rescinded, as a lack of consideration, as noted above in *Hinson*, "is not generally considered a sufficient ground for equitable cancellation of an instrument in the absence of some additional circumstance independently justifying this relief, such as fraud, duress, or mistake[.]" 24 N.C. App. at 238, 210 S.E.2d at 502. Given the lack of "additional circumstances[,]" the record before us does not justify relief. *See id.*

---

6. There is no argument that plaintiffs are "creditors or innocent purchasers for value[.]" *See Philbin Invest.*, Inc., 35 N.C. App. at 626, 242 S.E.2d at 178-79.

Plaintiffs' forecast of evidence does not show that defendants obtained the deed to Tract 3 by fraud, duress, or misrepresentation. As to mistake, this Court has held that a writing may not be revoked because of a mistake of one of the parties in the absence of fraud or misrepresentation. *See Potter v. Miller*, 191 N.C. 814, 817, 133 S.E. 193, 194 (1926). "A mutual mistake exists when both parties to a contract proceed under the same misconception respecting a material fact, the terms of the agreement, or the provisions of the written instrument designed to embody such agreement." *Smith v. First Choice Servs.*, 158 N.C. App. 244, 249, 580 S.E.2d 743, 748 (citation and quotation marks omitted), *disc. review denied*, 357 N.C. 461, 586 S.E.2d 99 (2003). There is no indication in the forecast of evidence that there was a mutual mistake as to the omission of Tract 3. Even if there was a lack of consideration, plaintiffs failed to forecast "additional circumstances independently justifying" relief. *See Hinson*, 24 N.C. App. at 238, 210 S.E.2d at 502. Accordingly, plaintiffs' argument is overruled. We therefore affirm the trial court's order granting summary judgment in favor of defendants as to Tract 3.

For the foregoing reasons, we affirm in part and reverse in part the trial court's order.

AFFIRMED in part and REVERSED in part.

Chief Judge MARTIN and Judge ERVIN concur.